H. ROGERS and others *vs.* N. & A. G. ROGERS.

The recovery of a judgment by executors in their representative character is conclusive evidence of their right to sue in that character, in a subsequent suit, founded on such judgment.

Where the complainant claims in opposition to a deed of trust, and seeks to set it aside on the ground of fraud, he may proceed against the fraudulent trustee alone, without making the cestui que trusts parties. It is otherwise where the complainant is endeavoring to enforce a claim adverse to the interests of the cestui que trusts, but which is founded upon the supposed validity of the trust deed.

THIS was an appeal from the decision of the vice chancellor of the first circuit, overruling the demurrer of the defendants. The complainants, as executors of Fitch Rogers deceased, instituted suits against the defendant N. Rogers, in the superior court of the city of New-York, to recover a debt due to the decedent, and recovered a judgment thereon. After the judgment, but before the issuing of any execution thereon, N. Rogers executed an assignment of his personal estate to his son, the other defendant in this suit, in trust for the payment of a debt to the Bank of New-York ; and to pay the residue of the proceeds thereof to other creditors of the assignor. The bill alleged that the assignment was fraudulent, and prayed that the same might be set aside. The objections taken by the demurrer were, that it was not alleged in the bill that the complainants had taken probate of the will of the testator, so as to enable them to prosecute this suit as executors ; and that the Bank of New-York was not made a party defendant.

*D. D. Field,* for the complainants.

*A. G. Rogers,* for the defendants.

THE CHANCELLOR. This bill is filed by the complainants to protect their rights as judgment creditors, upon a judgment recovered by them in this state in their representative character. That recovery is conclusive evidence of their right to sue

July 3.

1832.

Rogers
v.
Rogers.

as executors so far as respects that debt; and it was not necessary for them in the present suit to show how they became entitled to sue as the representatives of the testator, to whom the demand was originally due.

Neither was it necessary to make the Bank of New-York, or any other of the creditors for whose benefit the assignment was made, parties defendants. As a general rule, the cestui que trust, as well as the trustee, must be parties; especially where the object is to enforce a claim consistent with the validity of the trust. But where the complainant claims in opposition to the assignment or deed of trust, and seeks to set the same aside on the ground that it is fraudulent and void, he is at liberty to proceed against the fraudulent assignee or trustee, who is the holder of the legal estate in the property, without joining the cestui que trust. Such has been the uniform practice of this court in relation to cases of this description, and I see no good reason for adopting a different rule. Lord Redesdale lays it down as a principle of equity pleading, that persons having demands prior to the creation of the trust and not claiming under the same, may enforce their claims against the trustees without bringing the persons interested in the trust before the court. (*Mitf.* 4 *Lond. ed.* 175.) Although there are some exceptions to the rule thus laid down by this distinguished equity pleader, the case now under consideration does not come within the principles upon which those exceptions to the rule have been maintained.

The decision of the vice chancellor in overruling the demurrer was therefore right; and the order appealed from must be affirmed, with costs.