GRAVES *vs.* MAGUIRE and others.

A certificate of probable cause for appealing from an interlocutory order of a vice chancellor, when given by him for the purpose of staying the proceedings in conformity to the provisions of the 116th rule, is a mere chamber proceeding, like the approval of the sureties in an appeal bond, and cannot be vacated by the court below.

The certificate of probable cause, upon an appeal from an interlocutory order of a vice chancellor, will not stay proceedings which would not be stayed upon a similar appeal from an interlocutory order of the chancellor. Such certificate, therefore, will not deprive the respondent of the right to apply for security for the debt, &c. as a condition of the further stay of proceedings. Neither will it have the effect to restore an injunction which is dissolved by the order appealed from, or suspend the operation of an injunction granted by such order.

AN injunction had been granted in this cause, restraining the defendant Maguire from selling or incumbering certain leasehold premises upon which the complainant claimed to have an equitable mortgage, and also restraining Maguire from receiving certain insurance monies from one of the other defendants, which monies had become payable in consequence of the loss of the buildings upon the premises. Maguire upon the coming in of his answer moved to dissolve the injunction; and the vice chancellor dissolved it so far as it restrained Maguire from receiving and the insurance company from paying the amount due upon the policy. From this part of the decision of the vice chancellor, the complainant appealed; and upon an application to the vice chancellor, at his chambers, he obtained a certificate of probable cause for appealing, &c. according to the provisions of the 116th rule. The solicitor of Maguire thereupon gave notice to the complainant's solicitor of an application to the vice chancellor's court for an order to vacate and set aside the certificate, with costs; which order was afterwards obtained ex parte and entered with the clerk—no one appearing to oppose.

The complainant's solicitor, upon an affidavit showing an excuse for not appearing to oppose the last application, afterwards applied to the vice chancellor and obtained an order ex

March 21.

parte, to suspend the operation of the order vacating the certificate, until a motion could be made, upon due notice, to vacate the last mentioned order. The vice chancellor, upon hearing of the parties, afterwards opened the order vacating the certificate, and permitted the complainant to come in and oppose the original application of Maguire for an order. And upon hearing the parties thereon, he denied the application to vacate the certificate, but without costs. From this last decision, as well as from the two previous orders of the vice chancellor, the defendant Maguire appealed ; but before the hearing of such appeal, the original decision of the vice chancellor, dissolving the injunction as to the insurance money and retaining it as to the residue of the matters embraced therein, had been affirmed by the chancellor.

*W. Silliman*, for the appellant.

*C. Edwards*, for the respondents.

THE CHANCELLOR. The whole of the proceedings to which this appeal relates appear to have been useless and unnecessary, as well as the appeal itself. And the only erroneous proceeding which required correction was the order of the 6th of February, vacating the vice chancellor's certificate of probable cause with costs. Even that would have been no injury to the complainant if it had not charged him with the payment of the costs of the application, as it was in this case of no consequence to either party whether the certificate was vacated or remained in full force.

The sixty-first section of the title of the revised statutes relative to the court of chancery, (2 *R. S.* 178,) authorizes the chancellor, by general rules, to prescribe in what cases, to what extent, and on what terms, orders and decrees made by a vice chancellor shall be suspended or affected by an appeal. In pursuance of this authority the 116th rule adopts the statutory regulations as to the stay of proceedings upon appeals from the chancellor to the court for the

correction of errors; but with an additional requirement that the appellant can in no case stay the proceedings upon an interlocutory order of a vice chancellor, in any other way than by a special application to the chancellor himself, unless he obtains the certificate of probable cause prescribed by that rule. But this certificate of probable cause will not operate as a stay of proceedings in any case where the appeal itself would not stay the proceedings upon an appeal from such an order or decree of the chancellor, if made to the court for the correction of errors. Neither will such certificate of probable cause deprive the respondent of the right to apply to the vice chancellor for further security, &c. as a condition of the further stay of proceedings, in conformity to the provisions of the 87th section of the title of the revised statutes relative to writs of error and appeals; (2 *R. S.* 607;) which section, by the 116th rule, is made applicable to appeals from interlocutory orders and decrees of vice chancellors. (*See Gregory* v. *Selman & Dodge,* 3 *Paige's Rep.* 90.)

In the case of *Hart* v. *The Mayor, &c. of Albany,* (3 *Paige's Rep.* 381,) I had occasion to examine the question whether an appeal from an order dissolving an injunction suspended the order so as to leave the injunction in force pending the appeal; and I there came to the conclusion that the appeal could have no such effect. The effect of an appeal, after the proper steps have been taken to render it a stay of proceedings upon the order or decree appealed from, is to leave the proceedings in the same situation as they were at the time of perfecting such appeal, but not as they were before the order or decree appealed from was entered. If the order appealed from was an order granting an injunction the same is not dissolved by the appeal, so as to authorize a party to proceed in violation of the injunction pending such appeal; although the present or immediate power of the court below to punish the party for a breach of the injunction pending the appeal would perhaps be suspended until after such appeal was disposed of by the appellate court. (2 *R. S.* 607, § 89.) And where the appeal is from an order dissolving an injunction, such injunc-

tion is wholly inoperative; and can not have the effect to restrain the proceedings which were formerly enjoined, until such order is reversed upon the appeal so as to restore the binding force of the injunction. For this reason the certificate of probable cause for appealing although regular in this case, was perfectly useless, as it could neither benefit the complainant or injure Maguire.

The vice chancellor, however, was right in opening the order which had been obtained by default; inasmuch as that order not only vacated a useless certificate, but also charged the complainant with the costs of an improper motion. And the excuse for not opposing that application in the first instance was, under the circumstances of this case, unquestionably sufficient. The certificate of probable cause for appealing is a chamber proceeding of the vice chancellor, like the approval of the sureties in an appeal bond. It cannot, therefore, be set aside or vacated upon an application to the court below; although if it is wholly inoperative, as in this case, the respondent is at liberty to proceed notwithstanding the appeal. The vice chancellor was therefore right in the final order which he made in this matter, denying the application to vacate the certificate. There was no foundation for the appeal as to either of the orders appealed from, and the appellant Maguire was not injured by the entry of either of them. The orders must therefore be affirmed with costs.