Oakley, C. J.
I have consulted with my brethren and we are all of .opinion that, although no security is requisite to. be *623 given, upon an appeal from an order, according to our decision in Allen v. Johnson, 2 Sand. S. C. R. 629, it is a mistake to suppose that because the appeal without security is valid, it can operate per se as a stay of proceedings; nor is there a single word in our former decision to warrant such a conclusion. When a stay of proceedings, until the determination of an appeal from an order, is desired, it must be obtained by a special order, and regularly, the application for that purpose ought to- be made to the judge by whom the original motion was decided.
The 349th section of the Code of 1851 specifies an order granting or refusing a new trial as one of those from which an appeal may be taken; but we cannot apply to such an appeal a different rule from that which has invariably been followed in relation to every other class of orders which the section enumerates. It has certainly never been supposed that an appeal from an order dissolving an injunction, or discharging a defendant from arrest, pn-oprio vigore, revives the injunction or continues the imprisonment; but if such is not the effect of an appeal in these cases, I cannot say that in any other it suspends the execution of the order, or the performance of any act, which is its legal consequence. If it cannot restore a dissolved injunction, it cannot revive a stay of proceedings that ceased when the order was made. It follows that the plaintiff, in entering his judgment, was entirely regular. „
It is true that the motion to set aside the judgment, is, in a measure, countenanced by the case of Emerson v. Burney, 6 How. Prac. R. 32, but the observations of the learned judge in that case do not appear to be sustained by the authorities, and are plainly repugnant to the established practice in chancery in relation to appeals from interlocutory orders.
The motion to set aside the judgment is denied, but without costs, and I think it reasonable to grant a stay of execution upon the judgment until the determination of the appeal.