## SUPREME COURT.

### The Trustees of the Village of Penn Yan agt. Forbes.

Where in an answer one of several statements of defence is stricken out by the special term as irrelevant—not being a bar to the action—and the defendant appeals to the general term; the plaintiff can not proceed and try the cause at the circuit upon the remaining issues of fact, pending the appeal.

*Ontario Special Term, May,* 1853.   The complaint in this action is for alleged violations of the provisions of title 9, chap. 20, part 1, of the Revised Statutes, entitled " of excise, and the regulation of taverns and groceries."

The answer set up six different defences, or statements of defence.   The second statement of defence was, on motion, stricken out as irrelevant, at the Special Term held in Monroe county on the first Monday of April last; on the next day after the order for striking out was entered, the plaintiffs noticed the

action for trial at the circuit to be held in the county of Yates, on the third Monday of April aforesaid; and on the same day of the service of such notice of trial, the defendant appealed to the general term from the order of the special term, striking out the second statement of defence. At the Yates circuit held on the third Monday of April, as aforesaid, the plaintiffs tried the action and obtained a verdict for $125, no one appearing on the part of the defendant. The appeal is still depending, no general term having been held at which it could be heard.

A motion is made on behalf of the defendant to set aside the verdict and all subsequent proceedings for irregularity.

J. S. GLOVER, *for Defendant*.

D. B. PROSSER, *for Plaintiffs*.

WELLES, J.—I am entirely satisfied that the plaintiffs were irregular in going to trial while the appeal in question was pending and undetermined. The order was clearly appealable. It involved the question whether certain matters, put forth by the defendant in the form of an answer to the complaint, was a good bar to the action. The special term held them irrelevant, and struck them out as such. It was the right of the defendant to have the judgment of the general term on this question, before going to trial upon the other issues of fact made by the answer. I am asked to look into the pleadings to see that the matters stricken out are entirely immaterial, and do not involve the merits of the action. I cannot perceive that my judgment upon the merits of the answer stricken out is of any consequence. Suppose I should agree with the special term that the matter was irrelevant, and tendered a totally immaterial issue? It would then be only the concurrence of two special terms in the same judgment. The right of the defendant to the judgment of the general term would still remain.

This is not the case of an issue of law and an issue of fact in the same action, where, under the former practice, the plaintiff had his election which to try first; (*Gr. Pr. 2d ed.* 760,) and where, under the Code, the issue of law must be first tried, unless the court otherwise order. (*Code,* § 251.) It is

The Trustees of the village of Penn Yan agt. Forbes.

more like the case of several pleas to the declaration, one of which forms an issue, and upon others no issue is yet joined, either of law or fact. No practice that I have ever been acquainted with, would allow the plaintiff to go to trial in the case mentioned, upon the issue formed, while upon other pleas interposed the parties had not come to an issue of any kind. The policy was, that all the issues of fact should be tried by one jury; and until the parties had got through with their allegations, it could not be known whether the issues which remained to be joined, would be of fact or of law. If they should turn out to be issues of fact, another trial by jury would become necessary. The same rules should, I think, be applied to the practice in actions under the Code.

In the present case, the plaintiffs have not raised an issue of law upon the answer in question, but have procured it to be stricken out upon a summary application. The appeal opens the question whether the answer shall stand, which question must remain open until the general term decides it. Suppose the order appealed from should be reversed, there would be then standing in the same action a verdict on a portion of the issues of fact, and the other portion yet to be tried.

I think the motion of the defendant should be granted with ten dollars costs.

Ordered accordingly.

NOTE.—The above decision was affirmed, on appeal to the general term at Auburn, in June, 1853, and for the reasons stated in the foregoing opinion.