## SUPREME COURT.

### STORY agt. DUFFY AND OTHERS.

An *appeal* from the special to the general term does not operate *per se*, as a stay of proceedings in the action.   Special leave of the court must be obtained.

*New York Special Term, November,* 1853.   *Motion to stay taxation of costs.*

W. E. SMITH, *for Plaintiff.*
S. B. BROPHY, *for Defendants.*

MITCHELL, Justice.—There was a stay of proceedings granted by a judge at Chambers, on a judgment in this case.   The same judge afterwards held that that stay, although it was in force until a certain motion should be decided, ceased to have effect after twenty days from its date, and directed the clerk to proceed and tax the costs.   The taxation was noticed for the 2d inst., when the defendant, (the successful party,) attended, and saw the clerk of the court, but not the deputy, who taxes costs, and did not then proceed in the taxation; shortly afterwards the plaintiff's attorney attended on the taxing deputy to oppose the taxation, and after waiting some time, that officer dismissed the taxation on account of the defendant's attorney

not attending. The defendant's attorney came in afterwards, on the same day, and got a note from the taxing officer to the plaintiff's attorney, explaining the mistake. This note, with a new notice of taxation was served for the next day, when the costs were taxed in the absence of the plaintiff's attorney, he not having received the last notice.

A very little less haste would have much expedited the defendant's proceedings; if, when he found that the taxation was dismissed, he had given two days' notice anew, he would have lost but one day and saved all the time since spent on motions to set aside his proceedings. It is evident that there was a mistake, and that the plaintiff's attorney should now have an opportunity to oppose the taxation, no matter who was irregular. Justice requires this, as the defendant has taxed two bills at $270 each, for two defendants, when a third defendant's costs have been taxed (by reductions from a similar bill,) to about one half that amount. The defendant's attorney must therefore give a new notice of adjustment of costs, giving two full days' notice, and the costs be re-adjusted.

The defendant contends that the taxation of costs should not proceed while his appeal is pending.

The question has frequently occurred, how far an appeal is a stay of proceedings. When the Code or other statute is express, they control. Where there is no statutory provision there is frequently great doubt expressed as to the rule. The subject has been discussed or noticed in Hicks agt. Hicks, (12 *Barb.* 322;) Graves agt. Maguire, (6 *Paige*, 379;) Hart agt. Mayor of Albany, (3 *Paige*, 379, 383, &c.;) Messonier agt. Kauman, (3 *J. C. R.* 66, 1 *id.* 77 *and* 325,) and in Burke agt. Browne, (15 *Ves. Jr.* 184.) From these cases it appears that an appeal from the Chancellor to the House of Lords, in England, originally operated as a stay of proceedings, *per se*, in all cases; that this continued for a long time, when its inconvenience was found to be so great, that the rule was reversed, and the appeal was a stay only, when so ordered by the chancellor. In this State the practice was different, and the appeal was a stay, but the successful party could apply for leave to proceed,

which probably was granted, almost of course, unless the appellant made him secure; this left the matter in the discretion of the Chancellor. Then came the Revised Statutes, which regulated the matter in most cases, and in those cases took away the discretion, and made the appeal generally a stay, on security being given; the stay or appeal, however, had not the creative effect of reviving an injunction that was dissolved, or of producing the effect of an injunction which the court had refused.

That an appeal or writ of error was of itself *originally* a stay is inferrable, from the form of language in the statutes regulating appeals and writs of error. They are not, that on security being given the appeal should be a stay; but they are in substance, that unless or until certain security shall be given, they shall not be a stay; as if legislation were necessary to prevent the stay when the appeal was once given. The practice both in England and in this country shows that it was in the discretion of the court to say how far the appeal should be a stay where no statute controlled the court; and the change of practice, both in England and here, also shows that experience, (the best teacher,) proved that it was unsafe, in civil cases, to allow an appeal to operate as a stay except by the special leave of the court. So in this case, the appeal ought not to be considered as a stay of itself; but the unsuccessful party should be at liberty to have the proceedings stayed on such terms as may be just. Those terms may be, that he give a *bond*, with two sureties, to pay to the respondents such costs as on a readjustment shall be due to them, if the general term, on appeal, shall affirm the order appealed from.

Neither party is to have costs against the other on this motion