## TIERS *a.* CARNAHAN.

*New York Common Pleas ; At Chambers, June,* 1856.

### APPEAL.—STAY OF PROCEEDINGS.

Defendant appealed to the Court of Appeals from a decision of the general term of the Common Pleas, affirming an order denying his motion to vacate a judgment rendered against him. He filed an undertaking on the appeal, in the sum of $250—for costs and damages. *Held,* that the appeal was not *per se* a stay of proceedings ; that it was in the discretion of the court to grant a stay, in such a case.

On what terms a stay, in such case, should be granted.

Application for a stay of proceedings.

Judgment, upon failure, to answer, was entered against the defendant, December 26, 1854. In April, 1855, proceedings supplementary to the execution were commenced, and the examination was begun and continued through several days, when, on June 27, 1855, an order was obtained by the defend-

ant to show cause why the judgment should not be vacated. The other facts are set forth in the opinion.

*C. R. L'Amoreux,* for defendant.

*E. Delafield Smith,* for plaintiffs.

BRADY, J.—The defendant applied at special term to have the judgment rendered herein against him vacated. This application was denied, and the order made was on his appeal affirmed by the general term. He then appealed to the Court of Appeals from the decision of the general term, filing an undertaking in $250, against costs and damages, and now asks that the proceedings of the plaintiff on the judgment be stayed, by reason of the premises.

There is no provision in the Code declarative of the effect of such an appeal, or what security shall be given in perfecting it. Section 335 provides only for a stay of proceedings when the appeal is on the judgment and a stay is desired; and although there are several cases, and in seeming conflict, upon the question whether an appeal from an order of the special to the general term operates *per se* as a stay of proceedings, (6 *How. Pr. R.,* 32; 8 *Ib.,* 286, 487; 10 *Ib.,* 103; 1 *Duer,* 622; 2 *Abbott's Pr. R.,* 120), none of them furnish any guide in determining the question presented on this motion. They relate to appeals from different branches of the same tribunal only. The Code and the statute book are silent on the subject, and there being no express enactment, the stay asked rests within the sound discretion of the court. (Story *v.* Duffy 8 *How. Pr. R.* 488.)

The appeal was taken doubtless under the third subdivision of section 11 of the Code, and whether well taken is extremely doubtful. That subdivision does not apply to a motion which involved a mere question of practice, or was addressed to the favor and discretion of the court. (Sherman *v.* Felt, 2 *Comst.,* 186). The moving papers do not allege the responsibility of the defendant, and it is rendered doubtful at least by the affidavits read in opposition. The effect of a stay might be the loss of the debt, damages and costs, to which the courts are

unwilling to subject a prevailing party where such a result can be obviated.

The motion to stay on the facts disclosed is denied, without costs ; but a stay will be granted, on the defendant's depositing the amount of the judgment in court, or filing an undertaking executed by two sureties, to be approved by the court, and to justify if accepted to, conditioned to pay the judgment, if the appeal to the Court of Appeals be dismissed or the order appealed from affirmed, and on payment of $10 costs of this motion—the money to be paid in, or undertaking executed within five days after the service of this order, if entered by plaintiff, or five days after the entry of this order, if entered by defendant.