## JOHNSON *a.* SCRIVER.

*Supreme Court; Brooklyn Special Term, September,* 1856.

APPEAL FROM ORDER.—STAY OF PROCEEDINGS.

An appeal from an *order* is not *per se* a stay of proceedings.†
Upon what terms a stay should be granted by the court.

Motion for a stay of proceedings.

---

† See also Forbes *a.* Oaks, 2 *Ante,* 120 ; Hibbard *a.* Burwell, 11 *How, Pr. R.,* 572.

*S. Garrison*, for motion.

*G. G. Hastings*, opposed.

BIRDSEYE, J.—I think it needs but a mere statement of this case, and a reference to a very well settled course of decisions, to dispose of the principal question raised on this motion.

The plaintiff had obtained his judgment by confession without action, under sections 382–384 of the Code. He had issued his execution, and was proceeding to a sale of defendant's goods under it, when one Stratton, claiming to be a creditor of defendant, in August last, moved at the special term, before Mr. Justice Brown, to set aside the judgment and execution, on the ground that the statement and confession of judgment were insufficient. After argument, the statement and confession were held to be sufficient to support the judgment, and the motion was denied. From that order Stratton appealed to the general term ; and he now contends that that appeal operates, *per se*, as a stay of proceedings, not merely upon the order appealed from, but also on the original judgment and execution : that, although the court would not interfere with them on his application, yet that he, the creditor, by a mere appeal may extort from the court or the law an absolute stay of all proceedings till the appellate court can hear and determine the appeal. This is a new position. If correct, it puts it within the power of a few persons claiming to be creditors of a judgment debtor to render the judgment wholly nugatory. They have only to move at special term, one after another, to set aside the judgment, no matter on what frivolous grounds. From the orders denying their motions let them appeal, *seriatim*. If such an appeal operates to stay proceedings on the judgment itself, then the creditor may as well satisfy his judgment. Its value to him will depend, not on the rules of law and the decisions of the courts, but on the litigiousness of his opponents and their want of good faith.

Such cannot be the law. It has never been so. It was held by the Supreme Court in Hoyt *v.* Gelston, 13 *Johns. R.,* 139, and by the chancellor, in Wood *v.* Dwight (7 *J. C. R.,* 295), that an appeal from an order dissolving an injunction, or discharging a party from a writ of *ne exeat*, could not of

itself affect the validity of the order or revive the process so as to give it force and effect.

The same thing was held under the Revised Statutes in Hoyt v. Mayor, &c., of Albany (3 *Paige*, 381 ; and see Graves v. Maguire, 6 *Ib.*, 381). It was in that case held that the effect of an appeal, after the proper steps had been taken, by security, &c., to render it a stay of proceedings upon the order or decree appealed from, is to leave the proceedings in the same situation as they were at the time of perfecting such appeal, but *not* as they were before the order or decree appealed from was entered. If the order appealed from was an order granting an injunction, the same is not dissolved by the appeal. And where the appeal is from an order dissolving an injunction, such injunction is wholly inoperative, and cannot have the effect to restrain the proceedings which were formerly enjoined, until such order is reversed upon the appeal, so as to restore the binding force of the injunction. The rule must still be the same under the Code. (See Bacon v. Reading, 1 *Duer*, 622). The principle of those cases clearly governs this one. Plaintiff's proceedings on his judgment were not staid by this appeal.

But if wrong in that position, the creditor contends that he is entitled on terms to have the sale on the execution staid till his appeal can be heard at the next general term and decided.

I have had no little difficulty in arriving at the conclusion that the plaintiff's execution should be any further interfered with. But as the next general term is near at hand, I shall grant the stay. It will only be, however, upon terms which will, as far as possible, secure the plaintiff against loss from the delay. The strongest objection to granting any further postponement to the creditor, is that the plaintiff's judgment exceeds the value of the goods levied on, and that the expense of storage on them is diminishing the amount he will realize on the sale if successful on the appeal. The terms will be, that Stratton within five days pay to the plaintiff ten dollars as costs of opposing this motion, and deposit the sum of one hundred dollars with the clerk of this county, together with a stipulation that, if the order appealed from is affirmed, the other costs awarded against him on his motion and appeal,

and also the actual expenses incurred by the sheriff in the storage and insurance of the goods levied on from the date of Stratton's first order to stay proceedings till the expiration of the stay hereby granted, and the sheriff's fees for re-advertising the sale of the goods, may be paid out of the deposit. But this stay not to continue beyond the end of the next general term without the further order of the court, to be obtained only on notice to the plaintiff.