## HICKS *a.* SMITH.

*Supreme Court, Second District; General Term, March,* 1857.

APPEAL FROM ORDER.—STAY OF PROCEEDINGS.

An appeal to the general term, under section 349 of the Code, from an order of the special term, is not *per se* a stay of proceedings.

A stay pending such appeal can only be obtained by the special order of the court.

Appeal from an order made at special term denying a motion to set aside a judgment for irregularity.

This action was brought by William T. Hicks and Franklin Whiting against Abel Smith and Francis Mather. Pending an appeal taken by the defendants from an order of the special term, the plaintiffs entered judgment. The defendants then moved to set aside the judgment as irregular; contending that their appeal was *per se* a stay of plaintiff's proceedings. The motion being denied, they now appealed to the general term.

*S. F. Clarkson,* for appellants.

*S. M. Meeker,* for respondents.

BY THE COURT*—BIRDSEYE, J.—The only question presented by the appeal in this case is, whether an appeal to the general term, taken under section 349 of the Code, from an order made at special term, is, *per se,* a stay of proceedings on the order appealed from.

That the appeal operates as a stay has been held in the seventh district, both at special term (Emerson *v.* Burney, 6 *How. Pr. R.,* 36; Trustees of Penn Yan *v.* Forbes, 8 *Ib.,* 285; Cook *v.* Pomeroy, 10 *Ib.,* 103) and at general term (see 8 *Ib.,* 287), and

---

* Present, S. B. Strong, P. J., Birdseye and Emott, JJ.

in the fourth district at special term (Stewart *v.* The Saratoga & Whitehall Railroad Company, 12 *Ib.*, 435). The opposite was held at special term in the first district (Story *v.* Duffy, 8 *Ib.*, 488, and in Forbes *v.* Oaks, 2 *Abbotts' Pr. R.*, 120), and in the eighth district (Hibbard *v.* Burwell, 11 *How. Pr. R.*, 572), and by all the judges of the Superior Court of New York (Bacon *v.* Reading, 1 *Duer*, 622). The only reasons given for the course of decisions in the seventh district are given in the case of Emerson *v.* Burney; for the later cases there are decided solely on the authority of that decision. These reasons are stated at 6 *How. Pr. R.*, 36, thus:—" The Code nowhere declares an appeal in any case a stay of proceedings, not even in cases where security is required. In several cases it provides that the appeal shall not stay the proceedings, unless certain undertakings are given; clearly assuming, I think, that the appeal does so operate, whenever the required security is given in those cases where it is required, and that it equally suspends proceedings upon the order appealed from in those cases where security is not required."

It is obvious that in making these remarks, the learned judge overlooked section 339 of the Code. This section directs that whenever an appeal is perfected to the Court of Appeals, and security given as required by law, it shall " stay all further proceedings in the court below upon the judgment appealed from, or upon the matter embraced therein." And sections 345 and 348 refer to and adopt this provision as to appeals from an inferior court to this court, and from the special to the general term of this court.

The learned judge proceeds:—" The review by appeal is substituted for a writ of error in the cases where formerly a writ of error would lie; and by the common law a writ of error suspended the proceedings upon the judgment or order appealed from, excepting where otherwise provided."

I am unable to perceive the force of the analogy here sought to be drawn. There was never any such a thing as a writ of error to review orders like those before the court in the present case, and the others above cited. And the present appeal is not a substitute therefor. The reason why a writ of error stayed the proceedings was, that it removed, or was in law supposed to remove, the record to the court of review (Hibbard *a.* Burwell,

11 *How. Pr. R.*, 573). But no such reason applies to the appeals now under consideration. The court still remains in full possession of the case and the record, ready at all times to proceed. It is true that the learned judge, in Emerson *v.* Burney, says it is only in cases where a writ of error would formerly lie, that a review by appeal is now substituted therefor. But as a writ of error would not formerly lie in a case like the present, no analogy on this point could be drawn from the former to the present practice. And did there appear to be in the nature of things any such analogy, in my opinion it is destroyed by that provision of the Code which entirely abolishes writs of error (§ 323).

If there is no better rule than that of analogy to govern the practice on the point in dispute here, in my opinion, resort should be had to the system of appeals in chancery, from which the provisions of the Code as to the review of judgments and orders are evidently borrowed.

The Revised Statutes contained provisions carefully and minutely framed for the stay of proceedings on appeal from the chancellor to the Court of Errors. The security required to be given was pointed out, and was applicable to most, if not all, cases that could arise (2 *Rev. Stat.*, 605, §§ 78–89). And in section 86 is found a provision from which section 339 of the Code above referred to is taken, making the appeal when duly perfected a stay of proceedings on the decree appealed from. But no similar provision was made as to the stay on appeal from the vice-chancellor to the chancellor. By 2 Revised Statutes, 178, § 61, the chancellor was by general rules to prescribe " in what cases, to what extent, and on what terms, any order or decree of the vice-chancellor should be suspended or affected by an appeal."

By the rule made pursuant to this statute (see Rule 116 of 1844), no appeal from any interlocutory order or decree of a vice-chancellor was to operate as a stay of proceedings, unless a special order to that effect should be made by the chancellor, or unless a certificate of probable cause for the appeal was obtained from the vice-chancellor. And security was required to be given in the same manner, and to the same extent, as on appeal from the chancellor.

The principle upon which all these regulations were based is

an obvious one, and it is as applicable to the present as the former system of practice. It is, that when the court has examined any case brought before it and rendered its decision thereon, establishing the rights of one party or the other, that decision is presumed to be correct; and the party whose rights are declared by it is entitled to proceed thereon, in due course, for the enforcement of those rights. From the nature of things, the rights thus adjudged cannot be taken away or suspended; the judgment of the court, thus presumptively correct, cannot be deprived of its proper force and operation, except by some provision of law, or some other direction of the court. As to appeals from judgments, the law has declared that upon certain securities being given, the appeals shall stay all further proceedings. The cases not thus expressed are excluded. All other appeals not deriving from the statute the effect of staying further action, are ineffectual for any such purpose; and the order of the court is required to bring about that result.

If this principle is correct, it answers the positions laid down in Stewart *v.* The Saratoga & Whitehall Railroad Company (12 *How. Pr. R.*, 437). With the greatest respect for the learned judge who decided that case, I must dissent from his views. I think the discussion there begins by taking for granted the very question presented for decision. That question was whether the appeal suspends proceedings on the order appealed from; and the court say, the party " appeals from the whole order, not from a part; and he *suspends* that order—*stays* it at any rate. In effect, he *renews* his demurrer. He says, there is not only a reason why you cannot proceed to assess any damages against me, but there is a legal reason,—a reason founded in *the inherent defects of your own complaint*,—why *I am entitled to judgment against you, without answering you at all.* I take as a *right,* this issue of law; and, *until that be decided* finally, there is no such thing as your proceeding to try, in any way, any issue of fact, or in any way to get judgment against me on the merits."

It is not shown here in what manner, or upon what principle or authority, the appellant, by his appeal, thus " suspends" or " stays" the order. Nor do I see how an appeal from an order overruling a demurrer can be said to *renew* the demurrer. The appellant does ask the appellate court to re-examine the question presented by the demurrer, and if error is found in the

decision, to reverse it. But until such reversal, the decision is in full force. The judgment is that there are *no* defects in the complaint. The issue of law that has been raised, cannot be *proceeded with* or *renewed,* for it has been decided and disposed of. True, that disposition of the case may be reviewed. But until reviewed and found incorrect, it is the order of the court, and is to control the case. How the mere fact of an appeal can make any provision contained in that order a "nullity," or how it can take away the *entire basis* of the decision, until the appeal has resulted in a reversal, I am quite at a loss to perceive.

I am, therefore, of opinion, both upon principle and authority, that an appeal, under section 349 of the Code, does not operate *per se* as a stay of proceedings on the order appealed from, and that such a stay, not being given by law, can only be obtained by the special order of the court.

The order appealed from in this case is therefore affirmed, with costs.