Bx the Court.
A petition was filed to reverse- the- judgment of the superior court of Cincinnati. By that judgment the dissolution of a partnership alleged to exist, in carrying on a ferry, the sale of boats employed in the business, and a sale for partition of a ferry-right, were ordered. There had been before that judgment an order appointing a receiver to conduct the ferry, who was to pay out of the earnings to one of the parties a certain sum for the use of a landing for the ferry-boats. This order, with some modification, was continued in the last order, to remain until the final determina *342 tion of the matters in controversy. Upon the filing the petition in error, an undertaking was executed to operate as a supersedeas to the judgment sought to be reversed.
A motion is now made in this court, to appoint a receiver to take charge of the property, and, in view of the perishable character of some of it, for an order for its sale; it being alleged, that after a certain day the ferry can not be carried on, and that during the pendency of the litigation, the property will perish.
This motion is made on the assumption that, by the filing of the petition in error and the supersedeas of the final order or judgment of the superior court of Cincinnati, the interlocutory orders are vacated, and that the jurisdiction to make such orders as are necessary for the preservation of the rights and property involved in the contest, has devolved on this court. An appeal in a chancery case, under the system which has prevailed in this state, undoubtedly removed the cause, and gave exclusive jurisdiction to the appellate court. But it is well known, that under the English system and that of the United States, and some of the states, an appeal does not have such an effect, but is rather in the nature of a proceeding in error. Such an appeal does not stay interlocutory proceedings in the court below. An appeal from the court of ■chancery to the house of lords does not stay proceedings, >unless an order be made for the purpose, which is in the first ¡instance applied for to the court below. McQueen's H. of L. ^Practice, 236. It will be seen that an application for a receiver during the pendency of an appeal is entertained in the ■court of chancery — one chancellor observing “ that by bringing the appeal before the house, the lord chancellor’s jurisdiction was suspended only as to the matter appealed from ; • but'not totally, so as nothing could be done in any other part of the cause not appealed from ” (Id. 234); and another, that •“ he had no idea that an appeal had the effect of stopping •proceedings in the court below; for that the cause of Thelkupon v. Woodford, was proceeding every day under orders upon motions, notwithstanding the pendency of the appeal.” (Id.,) An application to the house of lords to appoint a re *343 ceiver pending an appeal, was refused, on the ground that the application ought properly to have been made to the court below. Id. 240. Warden of St. Pauls v. Morris, 9 Ves. 316; Kent v. Mayor of Albany, 3 Paige, 381; Graves v. Maguire, 6 Paige, 379.
It is obvious that a petition in error, filed to reverse or modify a final order or judgment in a case involving equitable rights and disposing of property brought under the control of the court, does not bring the whole cause before the court of error, but only the order or judgment complained of in the petition in error. The plaintiff in error is to file with his-petition “ a transcript of the proceedings containing the final judgment or order sought to be reversed, vacated or modified.” Code, sec. 517. Provision is made to stay the execution of the final order or judgment. Sec. 519. But it would be exceedingly inconvenient to extend the stay thus authorized, and it is not to be supposed, that it was intended that such stay should be extended to interlocutory orders, made with the view of protecting the rights of parties or their property, pending the litigation. And, in analogy to appeals in like cases which do not remove the cause into the appellate court, it must have been intended to leave in the court below all jurisdiction in the cause not inconsistent with the power to reverse, vacate or modify the final order or judgment in which error is alleged. The jurisdiction thus remaining in the court below would clearly extend to the making orders, usual and proper during the pendency of a litigation, for the care and preservation of the property or fund, the subject of contest and under the control of the court, and for the protection of the rights and interests of the parties.
Concluding, for the reasons stated, that the interlocutory orders made in this case, whether previous to, or in connection with, the final order, are not affected by the stay of execution; and that the making the orders now asked by the defendant in error, if proper to be made during the pendency of the litigation, is within the jurisdiction of the court below and’ not of this court, we overrule the motion.
Motion overruled.