Robertson, Ch. J.
It does not appear in the papers before me, how the defendant is enabled to fix upon and determine what the summons in this action is, when it has never been served. Two of the defendants, on whose behalf this motion is made, have voluntarily appeared by. attorney in this action, which is equivalent (for the purpose of jurisdiction) to personal service of the summons on them, (Code, § 139,) even in this court, unless they expressly limit the appearance of their attorney to the purpose of setting aside proceedings. (Mahaney v. Penman, 4 Duer, 603. S. C. 1 Abb. 34.)' The object of serving a summons is to acquire jurisdiction over the person; the designation in it of the relief sought is simply to confine the plaintiff in his complaint, and judgment in case of default, to that so designated, (Code, § 275,) and to enable and require him to proceed under the proper subdivision of section 246 of the Code, according to the nature of such relief. If the defendant enters into a controversy by answering, he waives his objection to the relief claimed, (Id.) and consents to have any given to- which the case in the complaint entitles the plaintiff. If he voluntarily appear without service of a summons and serves no answer, the plaintiff can only obtain the relief specified in the complaint, where it is in an action or contract to recover money, under the latter part of the first subdivision of the 246th section of the Code, which authorizes the clerk to ascertain by proof the amount due, or, where it is for specific relief, under the second subdivision of that section ; otherwise the plaintiff could not obtain judgment where the defendant Voluntarily appeared, but put in no answer. The part of the present motion to dismiss the complaint for not conforming to *668 an imaginary summons in possession of the plaintiff’s attorney must, therefore, he denied.
There is no necessity for delivering the undertaking to the defendants to he sued.- The Code requires all undertakings given under it to be filed with the clerk of the court, unless a different disposition is made, except one in case of an action of claim and delivery; and there is no necessity of taking them from the files until the trial in an action upon them ; when they may be produced in court. If the attachment be set aside, a right of action on it commences. Changing the custody of it may be prejudicial, and is unnecessary, without some special cause shown.
The former order, made and served, to file security for costs, was peremptory and absolute, and no time was allowed for compliance therewith ; the 57 th general rule is therefore applicable, and the plaintiff had twenty days for the purpose of complying therewith. More than that time has elapsed, and the' order has not been complied with. The appeal brought does not in itself stay proceedings. (Bacon v. Reading, 1 Duer, 622.) The defendant is therefore entitled to a dismissal of the complaint, with costs, unless the plaintiff, upon affidavits disclosing the proceedings in this action, obtains a stay of proceedings by reason of the pendency of such appeal, within four days ; and in that case the complaint shall'not be dismissed until such stay be removed.
The defendant is entitled to the usual process for collecting his costs, granted on the former motion, without special leave of the court.