*130 This action was brought by Oscar Hoyt against Phoebe J. Terwilliger. The facts material to the motion are stated in the opinion.
Tappen, J.
The defendant demurred to plaintiff’s complaint. The demurrer was overruled at special term with leave to answer in twenty days, &c. The defendant appealed in due time to the general term. Pending the appeal, and after the twenty days, the plaintiff entered judgment. The order overruling the demurrer was affirmed at general term, and defendant thereafter moved to set aside the judgment as irregularly entered, upon the ground that the appeal operated as a stay of proceedings.
The appeal was under section 349 of the Code. No stay of proceedirigs by order was obtained by defendant pending the appeal.
On the motion, the defendant cites the following cases to show that the appeal to the general term operated to stay plaintiff’s proceedings: Trustees of Penyan v. Forbes, 8 How. Pr., 285; Stewart v. Saratoga R. R. Co., 12 Id., 435; Valton v. National Loan Association, 19 Id., 515. The opposite view is held in Story v. Duffy, 8 How. Pr., 488; Hibbard v. Burwell, 11 Id., 572; Forbes v. Oakes, 2 Abb. Pr., 120; Bacon v. Redding, 1 Duer, 622; Hicks v. Smith, 4 Abb. Pr., 285.*
After a demurrer is overruled at special term, an appeal to the general term does not revive or reinstate the demurrer ; the appeal does present to the general term, necessarily, the demurrer, so that the appellate court may see whether the court below shall be sustained or reversed ; but it is not correct to hold that the appeal of a party reinstates a pleading or proceeding which the court has given judgment against, in the ab-. sence of any provision of the Code to that effect.
*131 The Code does not provide that an appeal in any of the cases mentioned in section 349 shall stay the proceedings. And the practice under the system previous to the Code is referred to as determining the practice at this time, which seems to require a party appealing, desiring a stay, to apply to the court therefor.
The defendant’s motion to vacate the judgment is denied, with ten dollars costs.

 Approved in Christy v. Libby, 3 Abb. Pr. N. S., 423; and see 21 How. Pr., 515, 518.