By the Court.—Speir, J.
The appellant objects to the order upon the ground that the court had no power *409 to suspend the entry of judgment. That in only two cases does the law invest the court with that privilege, viz.: Where exceptions are ordered to be heard in the first instance at the general term ; and where a verdict is directed, subject to the opinion of the court at general term, under the 265th section of the code of procedure.
The case of Cobb v. Cornish (16 N. Y. 604) is relied on as recognizing this limitation. Ido not so understand that decision. What that case decides is, that the proceedings upon a trial at circuit are reviewable, in the first instance, at general term, in only two cases : First, upon a motion by the unsuccessful party for a new trial, upon exceptions, by the order of the judge who tried the cause. Second, when there is an uncontraverted state of facts, and the case presents only questions of law, and the judge directs a verdict subject to the opinion of the court. The question of power in suspending the entry of a judgment in any case is not discussed. The plaintiff in .the case had a verdict which the judge directed to be taken, subject to the opinion of the court at general term ; and the court at general term rendered judgment for defendant. The court of appeals reversed the judgment as for a mis-trial and granted a new trial, though the judgment appeared from the case to be correct upon the merits.
Chief Justice Oakley, in Bacon v. Reading (1 Duer, 622) on an application to set aside a judgment for irregularity, which had been entered (in a similar case), after.the time staying all further proceedings on the verdict had expired, refused upon the ground that the judgment was entirely regular. It is quite evident from the logical deductions of the learned judge, had the judgment been irregularly entered it would have been set aside, and the entry suspended.
All the case in Devoe v. Hackley (in 3 Robt. 679) decides is that the 265th section of the code confines the *410 power of the judge who tried the cause over the disposition of the exceptions, and judgment to the time of the trial. After that, he has no more power to make an order in the case as to the hearing of the cause, than any other judge.
I am not aware, that it has ever before been held that the court has not the necessary control, under the exercise of a sound discretion, over its judgments in suspending the entry of them, vacating or amending them. The power is incidental, and necessary to the orderly equitable administration of justice.
The order appealed from should be affirmed, with costs.
Monell, Ch. J., concurred.