The principal question considered by the learned counsel for the respective parties upon the hearing of this appeal is not before us. Had the court below refused to hear, or had denied the application for process against the agents and servants of the defendant, for a violation of the injunction awarded by the final judgment in the action, on the ground of a want of power and not in the exercise of a judicial discretion, the decision would, I think, have been reviewable upon appeal to this court. By the appeal, with a stay of proceedings on the part of the plaintiff in execution of the judgment, the judgment was not annulled, or its obligations upon the defendant impaired, but its "execution" was stayed — that is, the plaintiff was prohibited from issuing process in execution of it (Revised Code, § 1351.) The order of the judge was in substantial compliance with the statute, and stayed "all proceedings on the part of the plaintiff in execution of the judgment." But this did not affect the validity or effect of the judgment pending the *Page 433 
appeal, so far as it bore upon and restrained the action of the defendant, its servants or agents. It did not absolve them from the duty of obedience, and permit them to do that which the judgment absolutely prohibited, and the doing of which would, as adjudged by the court, cause irreparable mischief to the plaintiff, or an injury which could not certainly be compensated in damages. (Graves v. Maguire, 6 Paige, 381; Howe v.Searing, 6 Bosw., 684.) The statute does not, and the judge's order staying the plaintiff did not and could not, derogate from the efficiency of the judgment in its operation upon, and effectually restraining, all acts by the defendant in violation of its mandate. The court should have and doubtless has, the power, notwithstanding an appeal, especially so long as the action is pending in the same court upon an appeal from the Special to the General Term, to command respect for its judgments and obedience to its mandates until they are reversed. This power is essential to the administration of justice, and to the respect which courts of justice have a right to demand from suitors. It would seem to be preposterous that a party could, by the mere order of the court staying his hands from executing a judgment not yet executed, be deprived of the whole fruit of the judgment by the lawless act of the defeated party pending an appeal, without remedy, that he must stand by and without possibility of redress, see the subject-matter of the litigation destroyed, so that if he succeeds in affirming the judgment it will be a barren victory.
If the respondent here is right in its contention, pending an appeal from a judgment staying waste, which if committed will destroy the ferehold, the appellant in simply staying the plaintiff's proceedings on the judgment may with impunity do the very act forbidden and destroy the freehold. This would be to give the later injunction, staying action by the one party upon the judgment effect, as working a dissolution of the permanent and general injunction before granted, restraining the other party from doing any act affecting the subject of the litigation. The judgment, so far as it enjoined *Page 434 
the defendant, needed no execution. It acted directly without process upon the defendant, and the stay only operated to prevent the collection of the costs awarded.
In Howe v. Searing, (supra), proceedings to punish as for a contempt, the violation of an injunction pending an appeal, with a stay, were refused upon the ground that it was process in execution of the judgment, and therefore forbidden by the stay of proceedings granted as an incident of the appeal. But if the proceedings are regarded as independent, special proceedings, and to prevent the destruction of a right given by the judgment, and for a wrong and injury in violation of the judgment, the reasoning of the learned judge would not be conclusive. In several cases it has been held by this court that proceedings to punish a party for a contempt are not proceedings in the action, but are special proceedings as defined and regulated by the Code. (Sudlow v. Knox, 7 Abb. Pr. R., [N.S.], 411; Erie R.R. Co. v. Ramsey. 45 N.Y., 637; Brinkley v. Brinkley,47 N.Y., 40.) We are not called upon to consider whether within the principle of these decisions, the proceedings contemplated by the plaintiff were "in execution of the judgment" or special proceedings founded upon a new right, and growing out of an infraction of duty by the parties implicated after and in defiance of the judgment.
If the court below had considered an application by the plaintiffs to punish the defendant and its officers and agents for a contempt, and deemed it in the exercise of their discretion as not expedient or necessary to the protection of the plaintiff, and not for a want of power, a different question would have been presented. But the court have not in any way passed upon the right of the plaintiff to process against the parties violating the injunction. The General Term in the general control which it has over the practice of the court, have merely set aside and vacated an order upon the parties to show cause upon a two days' notice why they should not be punished for a contempt. To proceed upon an order or short notice, rather than upon a notice for the *Page 435 
usual and regular term was not an absolute right of the plaintiff. It was discretionary with the judge at chambers whether he would grant the order, and it was discretionary with the court at General Term whether they would vacate it, and remit the plaintiff to the usual course of proceeding, or continue it, and their action in the exercise of that discretion is not reviewable in this court. The discretion of the judge at chambers was subject to the supervisory control of the General Term, but with the court of original jurisdiction the discretion rested, and no power of review exists here.
The appeal must be dismissed.
All concur, CHURCH, Ch. J., in the result.
Appeal dismissed.