NEW YORK PRACTICE REPORTS. 181

Troy & Boston R. R. Co. agt. Boston, Hoosic Tunnel & Western Railway.

# SUPREME COURT.

THE TROY AND BOSTON RAILROAD COMPANY agt. THE BOSTON
AND HOOSIC TUNNEL AND WESTERN RAILWAY COMPANY
and WILLIAM L. BURT.

*Appeal — Undertaking — Judgment awarding plaintiff perpetual injunction —
Right of plaintiff to make application to punish defendant for contempt in
violating injunction order, not stayed by the appeal — under what circum-
stances court will not exercise its power to punish — Code of Civil Procedure,
sections* 1310, 1352, 1331.

Where, by the judgment roll, it was held that the plaintiff should recover
certain property described in the complaint, and the defendants were
enjoined and restrained from any further use thereof, from which judg-
ment an appeal was perfected by giving the undertaking required by
the Code; pending the appeal a motion was made to punish the defend-
ants for contempt in disobeying the injunction order, by operating their
railroad over the premises in dispute:

*Held,* on the authority of the *Sixth Avenue Railroad Company* agt. *Gilbert
Elevated Railroad Company* (71 *N. Y.*, 430), that the acts done by
defendants are in violation of the judgment of this court for which
they can now be punished, notwithstanding the appeal.

*Held, further,* that although the court has the power to punish the defend-
ants for contempt in violating the injunction order, under the circum-
stances of the case, such power should not be exercised pending the
appeal.

The case of *Sixth Avenue Railroad Company* agt. *Gilbert Elevated Railroad
Company* (71 *N. Y.*, 430) followed, but commented upon.

*Ulster Special Term,* 1879.

MOTION to punish the defendant, Burt, for a contempt, in
disobeying an injunction order granted by a final judgment.

*Peck, Cowan & Parmenter,* for motion.

*Paige & Gibson,* opposed.

WESTBROOK, J. — By the judgment roll filed in this action with the clerk of Rensselaer county, on the 6th day of January, 1879, it was held, that the plaintiff should recover possession of certain property described in the complaint, and the defendants were enjoined and restrained from any further use thereof.

An appeal has been perfected from said judgment to the general term of this court, and upon such appeal the general undertaking required by the Code has not only been given, but, in addition thereto, a special one has also been duly executed, as ordered by Mr. justice OSBORN, the judge before whom the cause was tried, to the effect : " 1. That defendants will not, while in possession of the property described in such decision, commit, or suffer to be committed, any waste thereon, in the sum of $20,000.  2. That they will pay the value of the use and occupation of such property not exceeding $20,000."

Prior to the decision in favor of the plaintiff, the rails for the railroad of the defendant, The B. and H. T. and W. R. Co., had been laid upon the premises adjudged to the plaintiff, and a time table, for the running of trains thereover, to take effect December 30, 1878, had been issued.

Believing that the judgment rendered was erroneous, and that its operation was stayed by the appeal and undertakings, the defendants, who have expended some $800,000 in the construction of a railroad, have operated their road over the premises in dispute, and the discontinuance of such operation, which is the violation of the judgment complained, would cause great injury to the company and to the public.

For running trains over the property adjudged to the plaintiff, and using it for the purposes of a railroad since the recovery of judgment, the plaintiff asks that the defendant, Burt, be punished.

The first question which the motion presents is : Do the appeal and the giving of the undertaking stay the operation of the judgment, so that the relief asked cannot be granted ?

And the second is: Assuming that the injunction granted by the judgment must be obeyed pending the appeal, and that the court has the power to punish a violation thereof, ought it, in the exercise of a sound discretion, so to do?

Under the old chancery practice, in *Graves* agt. *Maguire* (6 *Paige*, 379–381), the chancellor held: "If the order appealed from was an order granting an injunction, the same is not dissolved by the appeal, so as to authorize a party to proceed in violation of the injunction pending such appeal; although the present or immediate power of the court below to punish the party for a breach of the injunction pending the appeal would perhaps be suspended until after such appeal was disposed of by the appellate court (2 *R. S.*, 607, sec. 89)."

The effect of an appeal under the old Code (which did not differ substantially from the present in respect to appeals) upon a judgment was also well settled. In *Howe* agt. *Searing* (6 *Bosworth*, 684), it was held: "An application to the court to punish the defendant for a contempt in violating the injunction awarded by such judgment, and the issuing of an attachment and a commitment for such contempt are respectively proceedings 'upon the judgment,' and the right of the plaintiff to make such application and the action of the court thereon are stayed, pending such appeal."

In *People ex rel. Thomas and others* agt. *The Commissioners of Highways of Milton* (25 *How.*, 257), it was held at special term, by the late judge PECKHAM, that an order granting a peremptory *mandamus* was suspended by an appeal. This decision was also under the old Code.

By section 1310 of the present Code, the effect of an appeal in all cases allowed by chapter 12 (and the one brought in this cause is covered thereby) is thus declared: "When an appeal has been perfected, as prescribed in this chapter, and the other acts, if any, required to be done, to stay the execution of the judgment or order appealed from, have been done, the appeal stays all proceedings to enforce the judgment or

order appealed from ; except that the court or judge, from whose determination the appeal is taken, may proceed in any matter included in the action or special proceedings, and not affected by the judgment or order appealed from, or not embraced within the appeal, or may cause perishable property to be sold, pursuant to the judgment."

In title 4 of the same (12th) chapter of the Code, which regulates appeals to the general term of this court, it is expressly declared by section 1352, that when security has been given upon such appeal as is required on an appeal to the court of appeals, "the execution of the judgment is stayed as upon an appeal to the court of appeals, and subject to the same conditions."

Title 3 of that (the 12th) chapter, by section 1331, which prescribes the form of an undertaking to be given upon an appeal to the court of appeals from a judgment "which entitles the respondent to the immediate possession of real property," recognizes the fact, that the undertaking does stay proceedings upon the judgment, by declaring that the appeal "does not stay the execution of the judgment or order, until the appellant gives a written undertaking," as prescribed in that section.

If the question now being discussed was a new one, it seems to me whether this motion be regarded as one in the action, or as an independent special proceeding, that at least it is one designed "to enforce the judgment or order appealed from," and therefore cannot be maintained, because the Code (*section* 1310) declares "the appeal stays *all* proceedings" for that object. It is difficult to argue upon language so clear as this, and the attempt so to do only confuses. It is true the judgment or order appealed from, until actually reversed, is in force, and any person disobeys its mandate at his peril ; but when the party, in whose favor the judgment is, seeks in any manner to enforce it pending the appeal, is he not by this plain statute under prohibition ? "The appeal stays all proceedings to enforce the judgment or order appealed from."

Troy & Boston R. R. Co. agt. Boston, Hoosic Tunnel & Western Railway.

In *People ex rel. Miller* agt. *Cummings* (an unreported case), which was an application to punish a party for refusing to obey a *mandamus* granted by the special term and affirmed by the general term, I held (writing an opinion) that an appeal and the giving of the undertaking required by the Code stayed proceedings to enforce it.

Following the plain language of the statute, and all prior decisions, I should have no difficulty in deciding that the present motion must be denied upon the ground, that as confessedly and plainly it is a motion to enforce "a judgment or order appealed from," in regard to which all acts "required to be done, to stay the execution of the judgment or order appealed from, had been done." Such appeal is a stay, were it not for the opinion of ALLEN, J., in *Sixth Avenue R. R. Co.* agt. *Gilbert E. R. R. Co.* (71 *N. Y.*, 430). The order of the special term of the superior court of the city of New York, which initiated proceedings to punish the defendant's officers for contempt in violating an injunction granted by a judgment pending an appeal, had been reversed at the general term of such court, which action of the general term was sustained by the court of appeals, for the reason that it was a discretionary order, and no power of review existed; but the opinion of judge ALLEN discusses at some length the effect of the appeal. That opinion, with the utmost respect be it said, does give the most cogent reasons why the Code should not read as it does, but it entirely fails, as it seems to me, to meet the argument founded upon its plain language. An independent proceeding, if a motion of this character can be so regarded, and the opinion holds it can be, may be one to enforce a judgment recovered, precisely as much so as one in the action, and if that be its object, is it not stayed by the provision which declares, "the appeal stays *all* proceedings to enforce the judgment or order appealed from?" It is not, however, for this court to disregard a formal opinion of the court of last resort. If erroneous, it must be corrected by the tribunal which pronounced it, and it must therefore be held on

this motion, solely, however, on the authority of the case just referred to, that the acts . done by the defendant, Burt, are in violation of the judgment of this court, for which he can now be punished, notwithstanding the appeal. Should the court, however, under the. circumstances, exercise that power? This brings us to the second point involved upon this motion, which will now be considered.

This motion presents no such case as put by judge ALLEN, in his opinion. The use of the property by the defendant, pending the appeal, for the purposes of a railroad, will not impair or lessen its value, when it eventually falls into the hands of plaintiff, if it is successful in the end. Besides the large pecuniary loss which the defendant would sustain by the stoppage of its trains, the public, who use and enjoy the benefits of the railroad, would thereby also be greatly damnified and injured. Undertakings have been given to protect all the rights of the plaintiff, if it succeeds, and if they are not ample for that purpose, the court can compel additional security to be given. As the judgment, too, is only suspended, if affirmed, the court can hereafter fully protect the plaintiff by an order punishing the defendant for disregarding it. In no view of this matter which I have been able to take, is the need seen of immediate action to enforce the judgment, but on the contrary grave reasons exist why it should not be done.

This motion will then stand over until the decision of the court upon the appeal, when such action may be taken hereon, and upon all acts of the defendant pending the appeal as may be presented to the court, as the rights of the parties and the dignity of the court may require.