By the Court.—Sedgwick, Ch. J.
The plaintiff had obtained in the action a final judgment, which with other provisions enjoined the defendant from using in a certain manner described in the judgment, appliances for the mining of coal, placed upon the plaintiff’s property, under an agreement in writing that had been made between the parties, and from depositing upon plaintiff’s land culm or refuse coal from a certain source. The defendant had appealed to the general term where the judgment was modified and affirmed. As affirmed it contained an injunction of the kind described.
Thereupon, the defendant made the motion upon which the order appealed from was granted. The moving papers contained an averment in the affidavit of the defendant’s attorney, “ that defendant intends to appeal to the court of appeals, from so much of said general term judgment as sustains said injunction.”
The order as granted was “ That the operation of the judgment, entered in the above entitled action, etc., so far as the same contains an injunction against the defendant, etc., etc., be suspended, pending appeal by defendant therefrom to the court of appeals, upon condition that, etc., and that it execute a bond to the plaintiff, with good and sufficient sureties in the penal sum of $25,000,” etc.
From the arguments of both learned counsel, it appears that the sections of the Code that refer to what .kind of order or undertaking will stay proceedings upon an appeal to the court of appeals, do not refer to a judgment like the one in this case, containing the injunction, excepting counsel for appellant while admitting, by way of concession, that although the operation of a mandatory injunction may perhaps be suspended, *295 it must be upon condition of filing the undertaking described in section 1331. This section however refers to a judgment which entitles the respondent to the immediate possession of real property, or that directs the sale or delivery of possession of real property. The present judgment is not of a kind referred to in the section.
Although no section of the Code regulates or allows the granting of an order like the one appealed from, I am of opinion, that the court might grant a proper order on the general subject by reason of its inherent power in respect of its own judgment. An order would not be proper if the power of the court were limited as to it specifically. The limitation may be found in the obligation on the court to give full effect to other provisions of the law or in the practice of the court on the subject. In a case like the present, the court has the power that the court of chancery had.
The phrase of the order “ suspending the operation of the judgment so far,” etc., seems a little doubtful in meaning. If it should be considered to mean only staying " the proceedings upon the judgment or that might be taken to enforce the judgment, it would seem that the court might competently grant such an order. By the Code, section 1241, a judgment of the present kind may be enforced by punishment for disobeying it. In Sixth Ave. R. R. v. Gilbert E. R. R., 71 N. Y. 430, one question discussed but not determined was, whether proceedings to punish for contempt was a proceeding in an action. If such proceedings were not in the action but were special, that would be a reason for holding, that an order made in them might be taken by appeal to the court of appeals. It would not be a reason for saying that such proceedings would not be stayed by an order granting a stay of proceedings, for such an order stays all proceedings to enforce a judgment, and one method of enforcing a judgment containing an injunction, is *296 by proceedings to punish for disobedience of it, even if they be in their nature special proceedings.
But while this may be, such a stay would not justify a disobedience of the injunction, for in the nature of things, a stay of the plaintiff’s proceedings do not refer to the acts of the defendant, and if during the stay the defendant disobey the injunction, the order of stay would not be an answer to proceedings to punish made after the stay is dissolved. Sixth Ave. R. R. Co. v. Gilbert Elevated R. R., 71 N. Y 430. Therefore if the order appealed from means not a stay of proceedings to enforce the judgment but a release of the defendant from the- duty of obeying it for the time and until the appeal is decided, it is necessary to determine whether the court has the power to make such order. Both counsel have argued the appeal as if the order had the meaning last referred to.
A final judgment fixes, absolutely and unconditionally, the rights of the parties. By the law, as it stands under the Code, no .court, except upon an appeal, can in a proceeding in the action reverse or modify the judgment. There is no reason for excepting from this rule, the time when the judgment by express provision in it or by its implication is to go into operation. The judgment adjudicates finally, that it is the legal duty of the defendant, then and thenceforward, to refrain from" the acts that are injurious to the plaintiff. To order, contrary to the terms of the judgment that the injunction should not operate as between the parties until the lapse of a month, or of a year, would at least modify the judgment. To permit such a delay and such an impairment of the plaintiff’s enjoyment of her rights, would take from her a part of what has been adjudged finally to be her right and without remedy, excepting another action upon the undertaking. For it must be considered that if the operation of the judgment is suspended, there can be no remedy, by proceedings, to punish a disobedience, taken after an affirmance, should the judgment be *297 affirmed. The legislature in the Code has allowed this to be done, in certain cases, but not in a case like the present. In my judgment there was no power to release the defendant from its obligation, under the judgment for a time, and this would be the result of suspending the operation of the injunction.
This conclusion is sanctioned by the observation of the chancellor in Graves v. McGuire, 6 Paige 381, which was decided under the provisions of the Revised Statutes. These provisions do not vary from those of the Code, that refer to the same matter, so as to make the observations inapplicable here. The chancellor said: “ If the order appealed from was an order granting an injunction, the same is not dissolved by the appeal, so as to authorize a party to proceed in violation of such an injunction pending • such an appeal, although the present or immediate power of the court below to punish the party for a breach of the injunction pending the appeal, would perhaps be suspended until after such appeal was disposed of by the appellate court. 2 R. S. 607, § 89. The reference here to an appeal itself staying proceedings means an appeal in connection with a certificate of probable cause, obtained under Chancery Rule, 116. The case cited refers affirmatively only to the powers given by the Rev. Stat. and the Chancery Rules. There was no claim that the court could make any order that would affect the duty of the defendant, under an injunction in a final judgment. I cannot find that the court of chancery of this state, has made, at any time, such an order.
The order should provide for the modification of the order appealed from in accordance with the views expressed without costs.
Freedman and Ingraham, JJ., concurred.