THE PEOPLE ex rel. THE MAYOR OF THE CITY OF NEW YORK, Respondents. *v.* SIDNEY P. NICHOLS, Impleaded, etc., Appellant.

The power to remove certain city officers "for cause," and after opportunity to be heard, given to the mayor by the charter of the city of New York of 1873 (§ 25, chap. 335, Laws of 1873), can only be exercised upon just and reasonable grounds, and after notice to the person charged.    The proceeding must be instituted upon specific charges, sufficient in their nature to warrant the removal, which, unless admitted, must be proved ; the defendant may cross-examine the witnesses to support the charges, call others in his defense, and in all the steps of the proceedings is entitled to be represented by counsel.

The proceeding, therefore, being judicial in its character is subject to review by a writ of certiorari issued by the Supreme Court.

The Supreme Court having, under the State constitution (art. 6, § 6), general jurisdiction of law and equity, its jurisdiction cannot be limited either

by the Legislature, or by any power conferred by it upon the court itself.

A motion for judgment upon the return to a writ of certiorari in such proceedings presents a question of law only, and comes within the class of non-enumerated motions as defined by Supreme Court rule thirty-eight.

But if otherwise it is within the jurisdiction of the court to hear it at any Special Term, and upon such notice as shall be prescribed.

A notice of less than eight days may be prescribed (Code of Civil Procedure, § 780, S. C. rule 37), by order to show cause.

The power to shorten notice is not affected by the rule of the Supreme Court (rule 44), providing that a case on certiorari may be brought to a hearing upon the usual notice of argument; the rule is binding only so far as it is consistent with the Code (§ 17).

*It seems*, that the exercise of this power is subject to review whenever an order to show cause at Special Term is granted.

It is not improper to bring on the certiorari for a hearing at the Special Term at which the order to show cause is made returnable.

Where a writ of prohibition is issued by the General Term of the Supreme Court, addressed to the Special Term, the inquiry thereon relates simply to the jurisdiction (chap. 70, Laws of 1873); an error or mistake in practice affords no foundation for the writ, unless it involves the doing of something "contrary to the general law of the land."

The Mayor of the City of New York having removed the defendant N. from the office of commissioner of police, a writ of certiorari was, upon his application, duly allowed and made returnable at a Special Term designated "for non-enumerated motions and chamber business," on the first Monday of September, 1879. A return to the writ was filed September fifteenth; on the sixteenth, the justice assigned to hold that term made an order requiring the mayor to show cause at the Special Term, to be held on September twenty-second, why N. should not have judgment on the return, vacating the judgment of the mayor; the order provided that service on September seventeenth, would be sufficient. Whereupon the General Term granted an order directing that a writ of prohibition issue prohibiting the Special Terms appointed to be held in the city of New York for non-enumerated motions and chamber business, and the justices appointed to preside thereat, from proceeding to entertain any motion or application for any judgment or order affecting the proceedings of the Mayor. On appeal from the order, *held*, that there was no violation of the provisions of any statute or unlawful exercise of jurisdiction by the justice holding the Special Term ; and that the order appealed from was erroneous.

*People ex rel.* v. *Nichols* (18 Hun, 530), reversed.

(Argued January 13, 1880, decided January 27, 1880.)

THE nature of the appeal and the facts appear in the opinion. (Reported below, 18 Hun, 530.)

*John D. Townsend,* for appellant. The only office of the writ of prohibition is to prevent an inferior court from acting without jurisdiction. (*Thompson* v. *Tracy,* 60 N. Y., 31; *Quimbo Appo* v. *The People,* 20 id., 530.) Jurisdiction cannot be conferred either by consent or waiver. (*Dudley* v. *Mayhew,* 3 N. Y., 9.) The jurisdiction of the Supreme Court at Special Term depends upon the constitution and laws, and no apportionment of business, although ordinarily respected, will deprive a justice of the Supreme Court of any of his constitutional rights and powers. (Art. 4 of the Constitution, § 6.) The signing of the order to show cause, and the expression of opinion by Justice WESTBROOK upon the powers of Special Terms, was no evidence of an assumption of extra jurisdictional power. (*People ex rel. Smith* v. *Russell,* 29 How. Pr., 176.) No irregularity was committed in seeking to have a hearing upon the return of the mayor by means of the order to show cause. (Rule 38; id., 44; Code, § 770; *In re Zamchelli,* August 30, 1879; *People* v. *Chastine Cox,* July 8, 1879; *Ryan* v. *Police Commissioners,* July 13, 1878 ; *Howe* v. *Duffy,* May 18, 1879; 5 Wait's Practice, 457, and cases cited ; *People* v. *Jacobs,* 5 Hun, 428; *People* v. *Stillwell,* 19 N. Y., 531; *People* v. *Board of Police,* 39 id., 506; *People* v. *McDonald,* 69 id., 362.) The writ should not issue where there are other remedies perfectly adequate. (*People* v. *Supervisors of Ulster Co.,* 31 How. Pr., 237; *People* v. *Clute,* 42 id., 157.) The Supreme Court has jurisdiction to review, by certiorari, proceedings for the removal by the mayor of New York of heads of departments. (*People ex rel. Bancroft* v. *Weygant,* 16 Hun, 546; *People* v. *Board of Police,* 39 N. Y., 506; *People ex rel. Folk* v. *Board of Police and Excise,* 72 id., 415; *People ex rel. Munday* v. *Fire Commissioners,* 72 id., 445.) If an officer's action is judicial, it is subject to review by writ of certiorari. (*Leroy* v. *Mayor,* 20 J. R., 429.) To effect a removal for cause, after opportunity to the accused to be heard, specific charges must be made. (Dillon on Corps., §§ 192, 193; *Murdock*

Statement of case.

v. *Phillips' Academy*, 7 Pick., 303; *Osgood* v. *Nelson*, L. R.
[5 H. of L.], 653; *Commonwealth* v. *Arnold*, Littell, 327;
*Rex* v. *Liverpool*, 2 Burrows, 734.) A reasonable and just
cause must be assigned — one personal to the accused. (39
N. J. L. R., 22; *Osgood* v. *Nelson*, L. R. [5 H. of L.], 636;
*People ex rel. Munday* v. *Fire Commissioners*, 72 N. Y.,
445.) Reasonable notice of the time and place for hearing
upon the charges must be given to the accused. (*Mur-
dock* v. *Phillips' Academy*, 12 Pick., 244, 263, 266; Wilcox
on Corps., par. 700.) The existence of the assigned cause
must be ascertained by the production of proofs. (*Page,
Second Auditor* v. *Hardin*, 8 B. Munroe [L. & Eq. R.], 649,
672, 674, 675.) The above constitutes the indicia of a
"judicial" proceeding. (Code, §§ 843, 851, 854, 856.) A
review of the mayor's action by certiorari is the only proper
remedy. (*People* v. *Fairchild*, 67 N. Y., 334; *People* v.
*Stout*, 19 How. Pr. R., 171; *Wood* v. *Peake*, 8 J. R., 69;
*Wildy* v. *Washburn*, 16 id., 49; *People* v. *Van Slyck*, 4
Cow., 297, 323; *People* v. *Stout*, 19 How. Pr. R., 171;
*People* v. *Bearfield*, 35 Barb., 254.)

*Francis N. Bangs*, for respondent. A writ of certiorari
never issues for the purpose of bringing up for review in-
terlocutory, or intermediate, or preliminary proceedings.
(*Lynde* v. *Noble*, 20 J. R., 80 ; *Haines* v. *Backus*, 4
Wend., 213 ; *Stone* v. *The Mayor*, 25 id., 168 ; *People*
v. *Pilot Board*, 37 Barb., 126 ; *People* v. *Supervisors*,
43 id., 232; *People* v. *Comrs.*, 30 N. Y., 72; *Cuyler* v.
*Trustees*, 5 T. & C., 609.) Upon the presumption that the
governor would, and could, correct errors, no judgment
of the Supreme Court could be effectual. (*People* v.
*Walter*, 68 N. Y., 409; Dwin. & East, 196 n.) Upon the
theory that a proceeding for the removal of a police com-
missioner is a judicial proceeding, then it is so at every
stage and in all its parts. (*Matter of Eightieth street*, 17
Abb., 264.) Until the court heard from the governor it
had nothing of which it had jurisdiction to take notice. He

was the custodian of the record. (*Bogert* v. *The Mayor*, 7 Cow., 158; *People* v. *Van Allen*, 55 N. Y., 31; *People* v. *Brooklyn*, 9 Barb., 535; *People* v. *Reddy*, 43 id., 545; *People* v. *Comrs.*, 43 id., 494; *People* v. *Fredericks*, 48 id., 173; *People* v. *Comrs.*, 9 Hun, 609; *People* v. *Assessors*, 16 id., 407; *Marsh* v. *Delaney*, 49 N. Y., 655; *People* v. *R. R. Co.*, 55 id., 602.) When the case reached the governor's hands it was *res nova.* (*Murdock* v. *Phillips' Academy*, 7 Pick., 303.) The fact that the process of removing a police commissioner consists of successive steps is no ground for reviewing them in detachments. (*People* v. *Hill*, 65 Barb., 171; *People* v. *Walton*, 68 N. Y., 407.) The court, by taking separate cognizance of the proceedings before the mayor, upon his hearsay and second-hand report of them cannot, by vacating or reversing them, reach, nullify and reverse the action of the governor. (*People* v. *Brady*, 56 N. Y., 182; *Murdock* v. *Phillips' Academy*, 7 Pick., 363.) There is no precedent for the exercise of the power, which was exercised by the court below in its original order. (*Sutherland* v. *The Governor*, 29 Mich , 320; *Mauran* v. *Smith*, 8 R. I., 192; *Dennett's Petition*, 32 Me., 210; *People* v. *Bissell*, 19 Ill., 229; *State* v. *The Governor*, 1 Dutch., 332; *Hawkins* v. *The Governor*, 1 Ark., 578; *Norton* v. *Dowling*, 46 How. Pr., 7; *Burch* v. *Hardwick*, 23 Gratt., 51; *Grier* v. *Taylor*, 4 McCord, 206; *People* v. *Stout*, 11 Abb. Pr., 17; *People* v. *Bearfield*, 35 Barb., 254; *People* v. *Burnside*, 3 Lans., 74; *Keenan* v. *Perry*, 24 Texas, 253; *State* v. *McGarry*, 21 Wis., 496; *Hoboken* v. *Gear*, 3 Dutch., 268; *State* v. *Doherty*, 25 La. Ann., 119; *Ex parte Vallandingham*, 1 Wall., 253; *Ex parte Metzger*, 5 How., 348; *U. S.* v. *Ferreira*, 13 id., 48.) No judicial power is, in terms, vested in the mayor by the charter in removing heads of departments. (Laws of 1873, chap. 335, §§ 19, 489; 3 Bl., 24; *In re Metzger*, 5 How., 176; *U. S.* v. *Ferreira*, 13 id., 40; *Ex parte Vallandingham*, 1 Wall., 253; *Ex parte Mayor of Albany*, 23 Wend., 288; *People* v. *Walter*, 68 N. Y., 410; *People* v. *Mayor of N. Y.*, 2 Hill, 9; S. C., id., 14 n. *a; People* v. *Van Slyck,*

4 Cow., 297; *People* v. *Board of Health*, 33 Barb., 344; *Briggs* v. *McKellar*, 2 Abb. Pr. R., 42; *Martin* v. *Mott*, 12 Wheat., 31.) The second order made by Judge Westbrook, *i. e.*, the one made on September fifteenth, was unauthorized by law. (*Ex parte Mayor, etc.*, 23 Wend., 289; *People* v. *Supervisors*, 15 id., 211; *People* v. *Comrs.*, 30 N. Y., 72; 2 Crary, 357; form 94, p. 393; form 159, p. 660, form 603.) The error committed was not, in a matter, within the court's jurisdiction, but it consisted in going outside of that jurisdiction. (*People* v. *Liscomb*, 60 N. Y., 559.) If any jurisdiction is vested in the Supreme Court to examine, on certiorari, the manner in which the mayor used his executive and ministerial power, that jurisdiction cannot be exercised by a justice of the court, sitting at chambers, and there holding a Special Term for non-enumerated motions and chambers business. (*People* v. *Fire Comrs.*, 72 N. Y., 450; Rules 38, 40, 44; *Loan Asso.* v. *Stevens*, 8 Hun, 515; Code, §§ 232, 235.) The papers made an appropriate case for the issue of a writ of prohibition under chapter 70 of the Laws of 1873. (*Quimbo Appo* v. *The People*, 20 N. Y., 541.) The writs of "Mandamus and Prohibition," published in 1872, by Charles Crary, Esq.

Danforth, J. This is an appeal from an order of the General Term of the Supreme Court, in the first judicial department, directing that a writ of prohibition should be issued to prohibit the Special Terms of the Supreme Court appointed to be held in the city of New York for non-enumerated motions and chamber business, and the justices presiding thereat from proceeding to entertain any application for any judgment or order in any manner affecting the proceedings of the mayor of the city of New York in the removal of Sidney P. Nichols from the office of commissioner of police in pursuance of a writ of certiorari theretofore issued out of the Supreme Court to said mayor, and the return thereto, or either of them, and to prohibit the said Nichols from applying to any such Special Term for any judg-

ment or order upon said writ. The order implies that the proceedings of the mayor in the matter referred to were subject to review in some one of the divisions of the Supreme Court, and that the writ of certiorari furnished the proper means to bring those proceedings before it. It, therefore, seems that the defendant had mistaken neither. his remedy nor his forum, but erred only in respect to the time and place of his application for relief: but, upon this appeal, the respondent contends that the court had no jurisdiction to issue the writ of certiorari, and therefore that question is first to be considered.

The record shows that in May, 1876, the defendant, Nichols, was appointed commissioner of police. He accepted the appointment and entered upon the duties of the office. Its term was six years, and the annual salary $6,000. It was thus an office of honor and profit, to the enjoyment of which he was entitled for the full term, unless removed for misbehavior or unfitness to discharge its duties. The relator was the mayor of the city, and its charter conferred upon him power to remove the defendant, but only "for cause and after opportunity to be heard." (Session Laws of 1873, chap. 335, § 25.) The power is not an arbitrary one, to be exercised at pleasure, but only upon just and reasonable grounds, and then not until after notice to the person charged, for in no other way could he have "an opportunity to be heard." The proceeding, therefore, must be instituted upon specific charges, sufficient in their nature to warrant the removal, and then, unless admitted, be proven to be true. Defendant might also cross-examine the witnesses produced to support the charges, call others in his defense, and in these and other steps in the proceeding be represented by counsel. In no other way could the person sought to be removed have a due hearing or "an opportunity to be heard," and this condition must be complied with before the power of removal is exercised. (*Reg.* v. *Smith*, 5 Q. B., 614; *Osgood* v. *Nelson*, 5 House of Lords, 636; *People ex rel. Munday* v. *Bd. Fire Com'rs, infra.*) It follows, therefore, that the proceeding is

judicial in its character, and, as a necessary consequence, is subject to review by a writ of certiorari issued by the Supreme Court in the exercise of its superintending power over inferior tribunals and persons exercising judicial functions. (*Leroy* v. *The Mayor*, 20 J. R., 429 ; *People* v. *Board of Police*, 39 N. Y., 506 ; *People ex rel. Folk* v. *Board of Police of the City of Brooklyn*, 69 id., 468 ; *People ex rel. Clapp* v. *Board of Police of the City of New York*, 72 id., 415 ; *People ex rel. Munday* v. *Board of Fire Commissioners of the City of New York*, 72 id., 445.)

Various other questions have been argued with great ability by the learned counsel for the respondent relating to the form of the writ of certiorari and the effect of the order made by the mayor, whether it is interlocutory or final, but these need not be considered. They relate to the procedure under the writ and must be disposed of when that writ and the return thereto come before the court. They have no relation to the order before us ; that, as its language shows, is quite narrow. The writ granted by it is to prohibit not all the Special Terms of the Supreme Court, but only particular Special Terms of that court, from entertaining further proceedings under the writ of certiorari, and the opinion of the learned court places the order upon distinct grounds, viz : First, that a Special Term for non-enumerated motions and chamber business has no jurisdiction to hear and decide the certiorari proceeding ; and, second, that such proceedings could only be brought on for hearing upon a notice of not less than eight days, and declares that the relator therein at other Special Terms and upon such notice may bring them to a determination. It is therefore true, as the learned counsel for the respondent urges, that the exact " grievance of the appellant is, not that he is wholly prevented from prosecuting the writ of certiorari and the proceedings under it, but it is that in prosecuting it he is restricted to particular branches of the Supreme Court."

Can this distinction be maintained ? It is provided by the constitution that the court itself shall have general jurisdic-

tion in law and equity. It follows that its jurisdiction can be limited neither by the Legislature nor by any power conferred by it upon the court itself. (*Hart* v. *Hatch*, 3 Hun, 375.) Its functions are to be exercised by its judges, sitting in General Terms, or at the Circuit, or Oyer and Terminer, or Special Terms. The constitution also provides that each judge may hold Special Terms in any county (art. 6, § 7), and neither in that instrument nor in any statute do we find that one Special Term or one judge at Special Term has or can have more authority or power than another. The Code (§ 232) authorizes the justices of the Supreme Court for each judicial department to appoint the times and places for holding the Special Terms. This authority was exercised in the first district. Some of the terms thus appointed are designated by the justices as " Special Terms for equity cases and enumerated motions," and others as " Special Terms for non-enumerated motions and chamber business," and, while it cannot be doubted that for the due and orderly conduct of litigation and causes, certain steps and proceedings therein may, under the direction of the judges, be required to be taken at specified terms, yet any such regulation must be subject to the control of the justice who is assigned to hold them. If otherwise the power of the judge would be limited, public interests sometimes put in jeopardy and the rights of citizens infringed. The case before us illustrates this position.

The writ of certiorari was, on the application of the relator Nichols, duly allowed in August, 1879, and made returnable at a Special Term of the Supreme Court, at the courthouse in the city of New York, on the first Monday in September then next. This was one of the terms regularly appointed, but was among those designated " for non-enumerated motions and chamber business." After some delays a return was made to the writ, and filed on the fifteenth of September. On the sixteenth day of that month Mr. Justice Westbrook, who was duly assigned to hold that term, made an order requiring the mayor to show cause, at the

Special Term to be held in the court-house in the city of New York, on the twenty-second day of September, why Nichols, the relator, should not have judgment on the return vacating the judgment of the mayor removing the relator from his position as commissioner of police, etc., and directed, for reasons shown to him, that service on the seventeenth of September should be sufficient. The case was one of general importance, and the public as well as the relator had an interest in its speedy disposition. At this point, however, upon the application of the mayor, the order appealed from was made. The power of the General Term to grant a writ of prohibition addressed to the Special Term was given by statute (chap. 70, Laws of 1873), to be exercised in the same manner and with the same effects in all respects as the like proceedings when the writ is directed to inferior courts and the judges thereof. In such cases the inquiry relates to "jurisdiction simply." An error or mistake in practice affords no foundation for the writ, unless, as is said in *Ex parte Smith* (3 A & E., 719), it involves the doing of something "which is contrary to the general laws of the land." (*Acherly* v. *Parkinson*, 3 M. & S., 427; *In re Crawford*, 13 Q. B., 613.) It was decided in these cases that the Court of Queen's Bench would not interfere with the procedure of other courts. In *Thompson* v. *Tracey* (60 N. Y., 31), the court says : "No question but jurisdiction can be tried in a proceeding inaugurated by a prohibition."

It is also well settled that where a remedy by appeal, or otherwise, may be had to correct an error of law or practice the writ will not lie. (2 Hill, 263, 267.) In such a case the inferior court, or the tribunal of limited jurisdiction, can be set right by appeal only. Where, however, the statute has imposed restrictions as to the circumstances under which such "inferior court or judge thereof" may act in matters otherwise within its jurisdiction, and these restrictions are disregarded, the party aggrieved may have a remedy by prohibition. This is the doctrine stated in *Quimbo Appo* v. *The People* (20 N. Y., 531), and by Jacobs in the citation

there made. It goes no further. The remedy may be had
to prevent the violation of some fundamental principle of
justice, or the transgression of the "bounds prescribed by
law." No other power is given to the General Term by the
statute cited. In other cases its acts as a court of review
and its function in these two capacities ought not to be con-
founded.

The inquiry, then, is whether the justice who was holding
the Special Term had mistaken the practice in a vital par-
ticular, or was doing anything manifestly outside of or
beyond the jurisdiction of the court.

First. There is no absolute right to a notice of eight days.
A notice of less than eight days may be prescribed by a
judge or court. This power is conferred by statute (Code,
§ 780), and recognized by a general rule of the Supreme
Court (rule 37) ; but its exercise is subject to review. (71
N. Y., 434).

Second. It was not improper to bring on the certiorari for
a hearing at the Special Term at which the order to show
cause was made returnable. It would be had upon the
return, and, like a motion for judgment on the pleadings on
the ground that an answer raises no issue of fact, would
present a question of law only, and thus come within the
class of non-enumerated motions (*People* v. *Northern R. R.
Co.*, 42 N. Y., 217), as defined by rule thirty-eight. It is not
to be found among those styled in that rule " enumerated
motions ;" but if it were otherwise it would still have been
within the jurisdiction of the court to hear it at any Special
Term, and upon such notice as should be prescribed. There
is nothing in Supreme Court rule forty-four to prevent it.
By that rule it is provided that a case on a certiorari may
be brought to a hearing upon the usual notice of argument
at the Special Term. It is claimed that this rule has the
force of a statute, and that the notice of the argument must,
therefore, be of eight days. But the rule is binding only as
it is consistent with the Code (§ 17), and, as we have seen,
the power to shorten notice is conferred by that statute.

There was, then, no violation of the provisions of any statute or unlawful exercise of jurisdiction by the justice holding the Special Term named in the order, nor would he have transgressed by entertaining further proceedings pursuant to the order to show cause.

I can discover no ground upon which the order appealed from can stand, and think it should be reversed.

All concur.

Order reversed.