## JOHNSON *v.* JOHNSON.

(*Supreme Court, General Term, First Department.   January 28, 1889.*)

APPEAL—REVIEW—REFERENCE IN DIVORCE CASES—JUSTICE AT CHAMBERS.

The action of the special term, sitting at chambers, in refusing an application to confirm the report of a referee appointed to take testimony in divorce proceedings and report, will not be disturbed, it being the practice to require applications for judgments in divorce cases to be made at the special term for the trial of issues, although the court erroneously assigned as the reason for such refusal that it did not have jurisdiction at chambers to grant such application.   DANIELS, J., dissenting.

Appeal from special term, New York county.

Action by Robert W. Johnson against Ellen C. Johnson, to obtain a divorce.   An application was made to the special term, sitting at chambers, to confirm the report of the referee appointed to take testimony in the case, and who found that the material allegations of the complaint were true.   From the refusal to grant such application the plaintiff appeals.

Argued before VAN BRUNT, P. J., and BARTLETT and DANIELS, JJ.

*Chas. M. Stabler*, for appellant.   *Roger A. Pryor*, for respondent.

VAN BRUNT, P. J.   The court, at any special term, had undoubtedly the power to entertain the application, but in the regulation of the business in this district it has always been the practice to require applications for judgment in divorce cases, unless *ex parte*, to be made at the special term for the hearing of enumerated motions, and not at the special term for the hearing of non-enumerated motions.   Therefore the justice was right in refusing

to hear the motion. If he assigned an erroneous reason for his refusal, this fact forms no ground for requiring him to violate the rules which the judges of this district have adopted for the regulation of the business of the court. If the plaintiff in this case has a right to have his application heard at the special term for the hearing of motions, then any suitor has a right to bring any action to trial there. Such a ruling would be subversive of all power in the court to regulate its business. It seems to me that the appeal is utterly without merit, and such appeals should not be successful. The order should be affirmed, with costs and disbursements.

BARTLETT, J., concurs.

DANIELS, J., (*dissenting*.) The action was brought for a divorce, and the defendant, though appearing by an attorney, failed to answer the complaint. A reference was thereupon ordered to a referee to take proof of all the material allegations contained in the complaint, and other facts material to the maintenance of the action, and the service of the summons and complaint; and the referee was required to make his report thereupon to the court, and to certify the evidence taken by him. The order was executed by taking the evidence offered upon the hearing, and the referee reported that all the material facts alleged in the complaint were true, and had been sufficiently proved. An application was thereupon made for judgment in favor of the plaintiff. It was noticed and brought on before the special term, sitting at chambers, and the objection was taken that it could not there be heard and disposed of, but that it should go to the special term for the trial of issues. The court appears to have adopted this view, and declined to hear the case at chambers, dismissing the plaintiff's application, and directing that the cause should be noticed for the special term. If this had been directed as a mere convenience for the relief of the court sitting at chambers, then the discretion in that manner exercised would not be interfered with, as it would then affect no substantial right of the plaintiff; but, as the direction was given for the supposed want of anything at chambers to hear and dispose of the application, a material controversy has been presented by this appeal. By section 1757 of the Code of Civil Procedure, it has been provided that if a defendant makes default in appearing, or pleading, the plaintiff, before he is entitled to judgment, must nevertheless satisfactorily prove the material allegations of his complaint; and also by his own testimony, or otherwise, that there was no judgment or decree in any court of the state of competent jurisdiction against him, in favor of the defendant, for a divorce on the ground of adultery. And in this class of cases, by section 1229 of the same Code, it has been provided further that the testimony, and the other proceedings upon the reference, must be certified to the court by the referee with his report, and judgment must be rendered by the court. The reference itself has also been further provided for and directed by section 1215. These sections were complied with in this case, and upon the evidence and the referee's report the plaintiff was entitled to a hearing. There was no issue of fact or of law joined in the action, as those issues have been provided for and defined by other sections of the Code. But the action was one in which the hearing was to be had upon the default of the defendant, and the evidence given in support of the allegations in the complaint. The case was not one to be placed upon the calendar for trial, as long as no issue had been created in it by any pleading on behalf of the defendant, but all that was left was a mere application for judgment, dependent wholly upon the question whether the referee was sufficiently supported by the evidence to sustain his conclusions, and that application could be heard as a motion by the court sitting at chambers. And the court could not deny the right of the plaintiff to a hearing before that tribunal for the want of authority. It was authorized then and there to hear the application, certainly within

the case of *People* v. *Nichols*, 79 N. Y. 582, where the jurisdiction of this court at chambers was considered, defined, and declared, and held to be sufficiently broad for the hearing and disposition of such application. The order from which the appeal has been taken should be reversed, and the plaintiff declared to be at liberty to bring the application to a hearing at any special term of this department, but without costs to either party.