PEOPLE *ex rel.* SINNOTT *v.* BOARD OF TRUSTEES OF THE NEW YORK & BROOKLYN BRIDGE.

*(Supreme Court, General Term, Second Department. December 10, 1889.)*

1. POLICEMEN—REMOVAL—NEW YORK & BROOKLYN BRIDGE.
   Under Laws N. Y. 1887, c. 192, providing that policemen of the New York & Brooklyn Bridge are removable only after written charges preferred, and a public examination thereon, in such manner as the rules and regulations of the trustees may prescribe, but no removal can be had after such hearing, unless by a majority vote of all of said trustees, a rule that the hearing shall be had before the president of the board, who, in case he recommends the dismissal of the person charged with the offense, shall report the evidence to the board, is valid.

2. SAME—SUFFICIENCY OF EVIDENCE.
   Relator was charged with absence without leave, which was admitted, and with falsely reporting sick. The report of the police physician, that he had visited relator's residence, and found him out, and could not learn of his sickness, was read without objection; and no denial or explanation of the facts was made. *Held,* that relator could not complain that the facts were not proven by competent evidence.

3. OFFICE AND OFFICER—TITLE—COLLATERAL ATTACK.
   The title of a trustee *de facto* cannot be attacked collaterally.

*Certiorari* to review the proceedings of the board of trustees of the New York & Brooklyn Bridge, discharging relator from the police force.

*Rollin E. Beers,* for relator. *Bergen & Dykman,* for respondents.

CULLEN, J. The relator, a policeman on the New York & Brooklyn Bridge, was charged with absence without leave, and falsely reporting sick. Notice of the charges was served upon him, and a hearing was had before the president of the board of trustees. After such hearing, he was removed by the trustees. Under chapter 192, Laws 1887, policemen are removable only after written charges preferred, and a public examination thereon, in such manner as the rules and regulations of the said trustees may prescribe; but no removal can be made after such hearing, unless by a majority vote of all of said trustees. Rules enacted by the trustees under this statute direct that the hearing shall be had before the president of the board, who, in case he recom-

mends the dismissal of the person charged with the offense, shall report the evidence to the board. This regulation that the hearing should be had before the president instead of the board was valid. A similar rule of the board of police in New York, directing the testimony to be taken before a single commissioner, has been upheld by the general term of the first department. *People* v. *Board of Police*, 20 Hun, 402; *People* v. *Commissioners*, 23 Hun, 351. In the latter case, it is said by Judge DAVIS: "If it was necessary that a majority of the board should always be present on taking testimony on charges of this kind, it would be difficult, if not impossible, to perform the numerous and various functions and duties devolved by law upon that board." This argument is far stronger in the case of a board composed of 20 members, meeting but monthly.

The proceedings before the president were most crude in form, and irregular. They should not serve as a precedent for other trials. But we are satisfied, not only that substantial justice was done, but that the relator had a fair opportunity to defend his rights. The evidence of the captain of the police established the absence of the relator from duty. This he did not deny, but asserted he was sick. There was read the report of the physician of the police, that he had visited the residence of the relator, and found the latter out, and could not learn of his illness. This report was certainly not competent evidence. Proceedings of the character of the one under review are judicial, and the accused must be confronted with the witnesses, and have an opportunity to cross-examine. *People* v. *Nichols*, 79 N. Y. 582. But to the admission of the report the relator made no objection; nor did he make any denial of the facts asserted in the report, or offer any explanation. Had he objected, the witness could have been produced. The absence of the relator from his residence at the time he reported himself as sick and was absent from duty required explanation; and, in the absence of explanation, he could not insist on having his statement that he was sick credited. Having made no objection to evidence, nor denied the facts, he cannot complain that the facts alleged were not proven by competent evidence.

The further objection is raised that the removal was not made by a majority vote of all the trustees, in that Mr. Brinkerhoff was not comptroller of the city of Brooklyn, and therefore not a trustee. It appears from the return that Brinkerhoff was acting as comptroller and as trustee. He was therefore a trustee *de facto*, and his title cannot be assailed collaterally. There is also another answer. If Brinkerhoff was not comptroller, then the office of comptroller was wholly vacant. In such case, there were but 19 members of the board, and the vote of 10 of such trustees was a majority vote. The proceedings of the board of trustees should be affirmed, with costs.