PEOPLE *ex rel.* ELLITHORPE v. JUDGES OF SUPERIOR COURT OF BUFFALO.

*(Supreme Court, General Term, Fifth Department.   April 11, 1890.)*

OFFICE AND OFFICER—CIVIL SERVICE LAW—REPEAL OF STATUTE.
    Laws N. Y. 1888, c. 243, (taking effect May 8, 1888,) which re-enacts Code Civil Proc. § 301, authorizing the judges of the superior court of Buffalo to appoint, and at pleasure to remove, a crier of that court, being a later enactment than Laws 1888, c. 119, (taking effect April 10, 1888,) which provides that no honorably discharged soldier or sailor of the war of the Rebellion holding certain offices shall be removed except for cause, excepts the office of crier from the operation of chapter 119, (civil service law.)

Appeal from special term, Erie county.

Relator, Philander D. Ellithorpe, appeals from an order denying his motion to compel the judges of the superior court of Buffalo to rescind their action removing him as crier of the superior court of Buffalo, and to reinstate him therein.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*H. J. Swift,* for appellant.   *Adelbert Moot,* for respondents.

MACOMBER, J.   The jurisdiction of this court to entertain an application of this kind is called in question by the respondents' counsel.   But there is no such limitation put upon its jurisdiction, which is declared by article 6 of the constitution to be general in law and in equity, subject only to the appellate jurisdiction of the court of appeals.   If, therefore, there is any tribunal before which this proceeding could be maintained, it is the supreme court. *People* v. *Nichols,* 79 N. Y. 582.

The relator, who is an honorably discharged soldier from the late civil war, was appointed crier of the superior court of Buffalo October 11, 1878, which post he continued to hold until September 27, 1889, when, in accordance with an order made on the 19th day of August, 1889, he was, without a hearing, removed by a majority of the judges of that court, and another person appointed in his place.   The relator's rights are rested entirely upon chapter 119 of the Laws of 1888, approved April 10, 1888, to take effect immediately,

which is an act relating to employes of the various cities and counties of the state, and is as follows: "Section 1. No person, holding a position by appointment in any city or county of this state, receiving a salary from such city or county, unless he has been appointed for a definite term, who is an honorably discharged soldier, sailor, or marine, having served as such in the Union army or navy during the war of the Rebellion, shall be removed from such position except for cause shown after a hearing had; but this provision shall not be construed to apply to the position of private secretary or chief clerk or deputy of any official or department, or to any other person holding a confidential relation to the appointing officer. Sec. 2. All laws or parts of laws inconsistent with the provisions of this law are hereby repealed." Prior to the enactment of this statute, and by section 301 of the Code of Civil Procedure, the judges of the superior court of Buffalo, or a majority of them, were required from time to time to appoint, and permitted at pleasure to remove, a crier of the court. It is contended by the learned counsel for the appellant that this section of the Code was repealed by the act of 1888, already quoted; but whether a provision of the Code of Civil Procedure having a local application only can be deemed to be repealed by such general words as are here used, may well be doubted. But it is not necessary, for the decision of this case upon its merits, to enter upon that subject; for the intent of the legislature in this particular is clearly disclosed by chapter 243 of the Laws of 1888, taking effect May 8th of that year, nearly a month later than the act for the protection in office of honorably discharged soldiers and sailors, by which the right of the judges of the superior court of Buffalo, or a majority of them, to remove at pleasure the crier of that court, is reenacted with other provisions respecting salaries and the duties of the crier. If there is any inconsistency between the provisions of these two acts, that which was subsequently passed must be deemed to repeal the prior one. It is the last expression of the legislative will; and, if repugnant to or irreconcilable with any previous act, it necessarily annuls the former, if both cannot stand together. Potter's Dwar. St. 155, and note; *Smith* v. *People*, 47 N. Y. 330; *Black* v. *Scott*, 2 Brock. 325; *Cain* v. *State*, 20 Tex. 355; *People* v. *French*, 4 N. Y. Supp. 330. Judgment appealed from should be affirmed, with costs. All concur.