(43 App. Div. 56.)

## In re DU MAHAUT.

(Supreme Court, Appellate Division, First Department. July 18, 1899.)

CLERKS OF INFERIOR COURTS—REMOVAL—PROCEDURE.

Const. art. 6, § 17, providing for the removal of clerks of inferior courts, for cause, after due notice and an opportunity to be heard by such courts as may be prescribed by law; and the charter of New York (section 1383), providing for the removal of clerks of the municipal court, for cause, after due notice and an opportunity to be heard by the appellate division of the supreme court in the district for which such clerk was appointed,—require that a time be set for the hearing, where the charges are denied by a sufficient answer.

In the matter of the application for the removal of Adolph N. Du Mahaut from his office as clerk of the municipal court of the city of New York for the Eleventh district, in the borough of Manhattan. Order fixing time for trial.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

John Whalen, Corp. Counsel, and James Flynn, on behalf of the city of New York, for application.

Julius M. Mayer and A. S. Gilbert, for respondent.

PER CURIAM. By section 17, art. 6, of the constitution, it is provided that:

"Justices of the peace, and justices or judges of inferior courts, not of record, and their clerks, may be removed for cause after due notice and an opportunity to be heard by such courts as are or may be prescribed by law."

By section 1383 of the charter of the city of New York it is provided that:

"The justices of said court [the municipal court of the city of New York] and the clerks and assistant clerks thereof may be removed for cause after due notice and an opportunity of being heard by the appellate division of the supreme court in the judicial district wherein the district for which said justices were elected or appointed, or wherein the district for which such clerks or assistant clerks were appointed, is situated."

This seems to be all of the provision that especially relates to the municipal courts of the city of New York, and it is under the provisions of this section of the charter that this proceeding must be prosecuted. Power is there given to the appellate division of the supreme court to remove the defendant in this proceeding "for cause after due notice and an opportunity of being heard." We think this provision of law requires that the proceedings against the person charged should be instituted upon specific charges, sufficient in their nature to warrant the removal, and then, unless admitted, be proven

to be true, with an opportunity to the person charged to cross-examine the witnesses produced to support the charges, call others in his defense, and to be represented by counsel. People v. Nichols, 79 N. Y. 588. The charges upon which this application is made, consisting of the affidavits of the commissioners of accounts, would seem to be specific charges, which require an answer from the person charged, and his affidavit in reply a sufficient answer to such charges. But it would appear that there must be a regular proceeding before the court, when an opportunity will be given to the representatives of the city to prove the charges, and an opportunity to the defendant to be heard in opposition; and the time of this hearing is hereby fixed for October 2, 1899, at 10:30 a. m.