In the Matter of the Application of JAMES RICE and Others to Vacate Subpœnas Entitled "In the Matter of the Proceeding upon the Petition Filed with the Governor of the State of New York for the Removal from Office of MAURICE E. CONNOLLY, President of the Borough of Queens."*

Supreme Court, Kings County, January 23, 1928.

**Public officers — removal — proceedings to remove president of borough of Queens, city of New York — justice of Supreme Court was designated by Governor to take evidence and to report evidence and findings thereon — justice notified president that public hearing would be held on February 1, 1928 — subpœnas were issued, returnable prior to February 1, 1928 — present application is to vacate subpœnas so returnable — under Greater New York charter, §§ 122, 382, borough president may be removed in same manner as sheriff — removal of sheriff is regulated by State Constitution, art. 10, § 1, and Public Officers Law, § 34 — court may intervene to enforce compliance with statute — motion to vacate subpœnas need not be made before justice appointed to conduct hearing — witnesses have right to raise question as to validity of subpœnas — designation was proper — justice designated had power to examine witnesses prior to date set for public hearing — justice had power to subpœna witnesses, under Civil Practice Act, § 406 — only such evidence as is taken at public hearings, however, may be reported — appointment of justice did not violate State Constitution, art. 6, § 19, prohibiting justice from holding two offices — subpœnas subscribed by justice designated not invalid because subscribed also by attorney.**

This is an application to vacate certain subpœnas issued by a justice of the Supreme Court who has been designated by the Governor to take evidence and to report to the Governor the evidence so taken and his findings thereon in reference to charges against the president of the borough of Queens in the city of New York, in proceedings for the removal of said president. The justice designated notified the president of the borough of Queens that a public hearing would be held on February 1, 1928, but the subpœnas in question were returnable

---

* See, also, 222 App. Div. 591, 604.

prior to that date and testimony was taken prior to that date and in the absence of the president or his counsel.

Under sections 122 and 382 of the Greater New York charter, a borough president may be removed in the same manner as a sheriff. The removal of a sheriff is regulated by section 1 of article 10 of the State Constitution and section 34 of the Public Officers Law.

While the courts cannot interfere with the final determination of the Governor to remove a public officer, they may intervene for the purpose of compelling compliance with the statute regulating the procedure for the removal of a public officer, and, therefore, the court had the power to entertain the present application to vacate the subpoenas, and it was not necessary that the application be made to the justice designated to hear the evidence.

A witness subpoenaed by the justice designated has the right at any time to raise the question of the validity of the subpoenas and the question of a proper compliance with the provisions of the law.

The designation of the justice to conduct the hearing is practically in the language of the statute and is legal and valid.

The justice designated to conduct the hearing had a right to subpoena witnesses to appear before him for examination prior to the date set for the public hearing, and had the right to examine the witnesses for the purpose of determining what evidence was material so that on the public hearing the witnesses could be examined in reference to material testimony that they might be able to give. The law does not require the justice designated to investigate all the evidence in the presence of the accused.

Furthermore, the justice had the right, under section 406 of the Civil Practice Act, to issue subpoenas requiring the attendance of witnesses and to punish witnesses for contempt for failure to comply with the subpoenas so issued.

Evidence taken prior to the public hearing, at which the accused is present, cannot be returned as a part of the report of the justice to the Governor, nor can it be used as a basis of his findings and conclusions, but the justice must limit his report to evidence taken on the public hearing.

The contention that the designation of a justice of the Supreme Court to conduct the hearing violates section 19 of article 6 of the State Constitution, prohibiting a justice of the Supreme Court from holding two offices, cannot be sustained, for the justice so designated is acting in his judicial capacity and not as an independent officer.

Subpoenas signed by the justice designated to conduct the hearing were not rendered invalid by the fact that they were also signed by the attorney appointed to assist the justice at the hearing.

APPLICATION to vacate subpoenas.

*Emory R. Buckner* [*John M. Harlan* and *Herman T. Stichman,* assistant counsel], for Hon. TOWNSEND SCUDDER, Justice of the Supreme Court, designated by the Governor in the proceeding upon the petition of George U. Harvey, for the removal from office of the president of the borough of Queens.

*Max D. Steuer,* counsel for the applicant James Rice.

*Robbins, Wells & Housel* [*Joseph S. Frank* of counsel], for the applicants James F. Richardson, Dorothy E. Skidmore, Charles Sinisek and Awixa Corporation.

*Edgar F. Hazleton,* counsel for the applicants Ernest Muccini, William Welch, Welch Brothers Contracting Company, Inc., William H. Hastings, Frederick B. Mullen.

*Szerlip & Szerlip,* counsel for the applicants George A. Everett, Everett Contracting Company, Inc.

CALLAGHAN J. On the 15th day of December, 1927, one George U. Harvey, a citizen and resident of the borough of Queens, filed charges with the Governor against the president of the borough of Queens alleging gross waste of public funds, unlawful preparation of specifications, fraud on the taxpayers, and the employment of incompetent engineers. On the 16th day of December, 1927, the Governor directed Mr. Justice TOWNSEND SCUDDER, then and now a justice of the Supreme Court, to take evidence as to such charges and to report to the Governor the evidence taken of the material facts deemed by him to be established with his findings thereon. Thereafter, Mr. Justice SCUDDER designated Mr. Emory R. Buckner, a member of the bar, as his counsel, and on December 30, 1927, gave notice to the borough president that evidence in the proceeding would be taken at the County Court House, Queens county, on the 1st day of February, 1928, at ten o'clock A. M. Mr. Justice SCUDDER then issued subpœnas to various witnesses to appear before him at various dates specified in the subpœnas, all of which dates were prior to the 1st day of February, 1928, and he has taken the testimony of witnesses and made investigation into the charges preferred against the borough president. Neither the borough president, nor his counsel, has been present or been permitted to participate in such examinations.

A number of persons subpœnaed to appear for examination on dates prior to February 1, 1928, have moved for various relief. The matters presented for consideration on these motions are: (1) That the subpœnas are invalid because Governor Smith's authorization to Mr. Justice SCUDDER to hear the charges is invalid and ineffective to confer jurisdiction and to conduct these examinations; (2) that the alleged subpœnas are invalid because Mr. Justice SCUDDER has designated February 1, 1928, as the date upon which the hearing is to be commenced, and is without power to subpœna witnesses to testify secretly before him, without notice to the borough president or his counsel in advance of such date; (3) that the alleged subpœnas are invalid because signed "Townsend Scudder, Justice of the Supreme Court," and entitled in the "Supreme Court, State of New York, Second Judicial District;" (4) that the alleged subpœnas are invalid for the reason that part of section 34 of the Public Officers Law, permitting

the Governor to appoint a justice of the Supreme Court to report the evidence or to report the evidence and his findings of material facts deemed by him to be established, is unconstitutional, in that it confounds the executive and the judicial functions of the State government; (5) that the subpoenas are invalid for the reason that Mr. Justice SCUDDER, under the Governor's designation, is required to hold two offices, in violation of article 6, section 10, of the Constitution of the State of New York; (6) that the subpoenas are invalid because issued through the agency of Emory R. Buckner, as attorney for Mr. Justice SCUDDER.

Section 382 of the Greater New York charter provides that a borough president may be removed in the same manner as the mayor, and section 122 of the charter provides that the mayor may be removed in the same manner as sheriffs, except that the Governor may direct that, in a proceeding to remove the mayor, the inquiry may be conducted by the Attorney-General. The State Constitution (Art. 10, § 1) provides that a sheriff may be removed by the Governor after "giving to such officer a copy of the charges against him, and an opportunity of being heard in his defense." It will thus be seen that the borough president can only be removed in the same manner as has been provided for the removal by the Governor of a sheriff. Section 34 of the Public Officers Law provides the machinery for the removal of public officers by the Governor and, in part, states: "If the examination shall be before a commissioner or judge, it shall be held at such place in the county in which the officer proceeded against shall reside as the commissioner or judge shall appoint, and at least eight days after written notice of the time and place of such examination shall have been given to the officer proceeded against."

Although the question is not presented or argued upon these motions, it may not be amiss to consider briefly whether the court should intervene in any manner or at any time in a proceeding for the removal of a public officer by the Governor. The general rule is that those administering one branch of the government must not encroach upon the prerogatives of those administering another branch of the government. Whatever the Governor may do in a proceeding to remove a public officer his acts can never be the subject of judicial review. But the proceeding is judicial in character. (*Matter of Guden*, 171 N. Y. 529, 536.) Consequently the court may inquire into the proceeding at any stage before a final disposition, to determine whether the proceeding has been conducted in the manner and form prescribed by law. Section 34 of the Public Officers Law provides the machinery for the removal

of a public officer by the Governor. If, therefore, the designee of the Governor fails or refuses to comply with the statute, the court may intervene only for the purpose of enforcing compliance with the statute. The constitutional provision for the removal of a sheriff (Art. 10, § 1) is the same as was incorporated in the Constitution of 1821. Little has been written about the proceeding for the removal of a public officer. Mr. Charles Z. Lincoln, whose wide experience as a lawyer qualifies him to speak with authority on matters pertaining to the Constitution, said in " Lincoln's Constitutional History " (Vol. IV, pp. 732, 733): " I think the rule in this class of cases may be stated as follows: The Governor's power of removal is executive, and he possesses exclusive authority to determine the sufficiency of the reasons which, in his judgment, justify the removal; and such determination is not subject to judicial review; but the courts may inquire into the proceedings for the purpose only of ascertaining whether the Governor had jurisdiction in the particular case, and whether the procedure was such as the Constitution and statutes require, especially whether the accused officer had notice of the charges against him and an opportunity to be heard in his defense." What has just been said effectually disposes of the contention made on behalf of Mr. Justice SCUDDER that there is no power in the Special Term to entertain these applications and that all motions, such as are under consideration, must be made before him. The court may, at any time prior to a final disposition, determine whether there has been a compliance with the provisions of law.

It is argued that to grant some of these motions would be in effect to grant a writ of prohibition against Mr. Justice SCUDDER prohibiting him from conducting the proceeding. A writ of prohibition can be granted only when there is lack of power in a tribunal to hear a matter brought before it for consideration and determination and then only by the appellate court. The Special Term is not asked to enjoin or prohibit Mr. Justice SCUDDER from conducting the proceeding but to determine only the question whether the provisions of law have been complied with. Certainly the accused has a right to raise the question at any time before final disposition, and, if he has that right, those who have received subpœnas may raise the question of a proper compliance with the provisions of law.

Is the designation invalid for failure to comply with the provisions of the statute? (Pub. Off. Law, § 34.) The designation directs Mr. Justice SCUDDER to report to the Governor the evidence taken in the proceeding in connection with the charges, with his findings of the material facts deemed by him to be established with

his conclusions thereon. No particular words are necessary for a proper designation, but, as this designation is practically in the language of the statute, certainly no fault can be found with it upon the ground that anything material to a proper designation under the statute has been omitted.

We thus come to the most serious question presented by these motions; that is, the right to take testimony *in camera* prior to the date fixed in the notice served upon the accused. As has been stated, section 34 of the Public Officers Law provides the procedure for the removal of a public official pursuant to the provisions of article 10, section 1, of the Constitution. It is therein provided that the officer sought to be removed should have a copy of the charges against him and an opportunity of being heard in his defense. The notice to be given to the accused, pursuant to section 34 of the Public Officers Law is such as is required by the Constitution. The provision in the Constitution for the removal of a sheriff is, as already stated, the same as that adopted by the Constitutional Convention of 1821. An examination of the minutes of that Convention discloses considerable debate on the form of that provision. Some of the delegates expressed the view that the accused was entitled not only to an opportunity to be heard but that he should be removed only for cause shown and the Governor should assign reasons for such removal; while other delegates expressed the view that the right to remove should be vested in the Governor, to be exercised summarily and without giving the accused even the opportunity to be heard. A compromise was reached by which the Governor was required to give to the accused the opportunity of being heard but the Governor might remove him without assigning any reason therefor.

Placing the power of summary removal in the Governor is necessary for the proper administration of the business of the State. As was stated in *Matter of Guden* (*supra*) it is better that an innocent person be removed occasionally than to have the business of the State improperly interfered with, so that it is the express intention of the Constitution to give to the Governor the right to remove summarily when in his judgment the evidence justifies that act; and the machinery is provided by section 34 of the Public Officers Law whereby the Governor may be advised of the evidence against the accused. This provision of law should be interpreted not only from the language of the statute but with the view of ascertaining the end sought to be accomplished. The 1st paragraph of that statute is separate from and independent of the

2d paragraph. It provides for the taking of evidence for the removal of an accused public officer by a justice of the Supreme Court, county judge or a commissioner to be named by the Governor. The designee of the Governor has the right to require witnesses to attend before him, and section 406 of the Civil Practice Act furnishes enforcing provisions for requiring the attendance of witnesses, and for punishing for their refusal to attend. It may be assumed that in most cases, as in the one in question, many witnesses will have to be examined and many documents scrutinized in an effort to ascertain whether or not there has been wrongdoing. It is proposed here by the justice charged with the responsibility of taking evidence to examine various witnesses prior to February first in an effort to ascertain what testimony is material and then examine those witnesses who can give material testimony at a public hearing of which the accused has had notice. It is said that a dangerous situation may arise from the fact that the human mind is incapable of allowing testimony taken *in camera* from influencing the recommendation which must thereafter be made after hearing all the testimony. Mr. Justice SCUDDER, however, must report the evidence to the Governor and his conclusion based upon such evidence. It is only such evidence as he gathers at a public hearing that he may report to the Governor as the basis for his findings and conclusions. There would be no foundation for his findings or his recommendation unless such evidence is reported.

How then may the rights of the accused be in any way abridged by the procedure which has been adopted in this proceeding? Can it be said that the designee of the Governor cannot examine documentary evidence unless it be in the presence of the accused or at a time designated in the notice to the accused of the hearing? Yet it is quite within the range of possibility, and indeed extremely probable, that evidence more convincing may be obtained from documentary evidence than from the testimony of witnesses. If such documentary evidence be discovered, it must, to meet the requirements of the statute, be reported to the Governor, if it is to form the basis for findings and conclusions. It could not have been within the contemplation of the framers of the Constitution that all testimony taken in a proceeding should be in the presence of the accused. The debates in the Constitutional Convention seem to negative any such conclusion. Besides, it would have been comparatively simple to incorporate into the Constitution a provision that a public officer could be removed only for good cause shown after an opportunity to be heard. An amendment proposing those words was proposed in the Convention

of 1894 and rejected.  (*Matter of Guden, supra.*)  Such was the substance of the language of the New York charter which was under consideration in *People ex rel. Mayor* v. *Nichols* (79 N. Y. 582).  Had such language been used in the Convention, public officials accused of misconduct would have the right of a judicial review of the evidence taken by the Governor or his designee to determine whether or not there was sufficient cause for action by the Governor.  There is nothing to be found in section 34 of the Public Officers Law requiring all the testimony to be taken in the presence of the accused unless it be found in the provision requiring that he be given at least eight days' notice of the hearing. It is inferred from that provision that all testimony must be taken and all documentary evidence examined in his presence.  If such had been the intention of the Legislature, words expressing that intention could have been readily incorporated into the statute, but in the absence of the express requirement to the contrary the whole scheme of removal as expressed in the Constitution for the summary disposition in matters of removal must prevail.

The burden of the petitioners' argument is that this proceeding is not judicial; that, therefore, the designation of a justice of the court is illegal in that it confounds the executive with the judicial, thereby causing the justice designated to hold two offices, and that this is offensive to the Constitution (Art. 6, § 19).  If that were true, the petitioners would have no right to invoke the aid of the Special Term to vacate the subpœnas.  If the proceedings are purely executive the court has no right to interfere at any time.  The fault in petitioners' position is that they confound the final action of removal which is executive with the proceeding to gather evidence.  With the former the court has no right to interfere but it is the duty of the court, when its powers are invoked, to see that all provisions of law pertaining to procedure are fully observed.  If the argument of the petitioners were carried to its logical conclusion, they would be forced to admit that they have no right to make these motions.  Their very acts in making the motions negative their argument, as it is only because the proceedings to gather evidence and report thereon are judicial that petitioners have the right to move before the court at this time.

The designee must go further than the mere hearing of charges against the accused.  He must gather the evidence and report the same, with his findings thereon.  In the course of such examination of the evidence he will be required to determine the relevancy thereof; and in the course of the proceeding he has the power, not because he is the designee of the Governor, but by reason of the fact that he is a judicial officer, to enforce obedience to process by

punishing for contempt by virtue of section 406 of the Civil Practice Act. The power to punish for contempt is essentially a judicial act. A question similar to that presented here was before the court in *Matter of Mitchel* v. *Cropsey* (177 App. Div. 663), where it was held that there was power in the Legislature to authorize a justice of the Supreme Court to gather evidence and report to the board of estimate and apportionment with his findings and conclusions.

It is further urged that the subpœnas are invalid because subscribed by Mr. Buckner as attorney for Mr. Justice SCUDDER. It is not necessary to determine in this proceeding the right of the designee of the Governor to employ counsel. That question cannot properly be raised here. However, the signing of the subpœnas by one who has no right to sign them does not make them invalid so long as they are subscribed by one having authority. These subpœnas were subscribed by Mr. Justice SCUDDER and contained all the essentials of an enforcible process; any other signatures are surplusage and, therefore, unnecessary and do not invalidate an otherwise valid subpœna. The subpœna issued to the Awixa Corporation is invalid as it is improper in form but otherwise the subpœnas are regular and binding. It follows that all the relief asked for in these motions, except as indicated, must be denied and the stays vacated and set aside. Settle order on one day's notice.